(1 App. Div. 458.)

PEOPLE ex rel. MAHARIN v. PLIMLEY, Commissioner of Jurors.

(Supreme Court, Appellate Division, First Department. February 7, 1896.)

MUNICIPAL CORPORATIONS—REMOVAL OF CLERKS—COMMISSIONERS OF JURORS.
Consolidation Act (Laws 1882, c. 410), § 106, authorizes the mayor to appoint "heads of departments, * * * and also the commissioner of jurors." Section 1664 provides that the commissioner of jurors may appoint, and at pleasure remove, his assistants, clerks, and messengers. Section 34 enumerates the departments of the city, but does not mention the commissioners of jurors. *Held*, that the commissioner of jurors, though appointed by the mayor, is not the head of a department, within section 48 of the consolidation act, forbidding the removal of clerks without a hearing.

Certiorari by Michael Maharin to review the action of William Plimley, commissioner of jurors of New York City, dismissing relator from his position in said commissioner's office.     Dismissed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and INGRAHAM, JJ.

E. L. Mooney, for relator.

T. E. Rush, for respondent.

INGRAHAM, J.     The commissioner of jurors, although appointed by the mayor under section 106 of the consolidation act, is not the head of a department, within section 48 of that act.     The office does not relate to the municipal government of the city of New York, is no part of the legislative or executive government of the city, and is in no sense a department of the city government.     Section 48 of the consolidation act, upon which the relator relies, is a part of chapter 3 of the act.     Chapter 2 is entitled, "The Corporate Powers and Their Distribution."     And section 34, after providing for the legislative and executive departments, enumerates the other departments of the city of New York, of which the commissioner of jurors' is not one.     Chapter 3 is entitled, "General Provisions, Powers and Limitations Applicable to the Departments and Officers;" and section 48 is entitled, "The Heads of Departments; Control over Subordinates; Removals."     It is clear that this section relates only to departments constituted by chapter 2.     This distinction is recognized in section 106 of the consolidation act, which prescribes the duties of the mayor. His power to appoint the commissioner of jurors does not come under the power given to him to appoint the head of a department. He has, in addition to that power, the power to appoint the commissioner of jurors; and, by section 1664 of the consolidation act, the commissioner of jurors is given the express power from time to time to appoint, and at pleasure remove, his assistants, clerks, and messengers.

We think it clear, therefore, that the respondent had power to remove the relator at any time, at pleasure and without cause.     The proceeding, therefore, must be dismissed, with $50 costs.     All concur.

NOTE.

Consolidation Act (Laws 1882, c. 410), §§ 48, 106, 1664, are as follows:

"Sec. 48. The heads of all departments (except as otherwise herein specifically provided) shall have power to appoint and remove all chiefs of bureaus (except the chamberlain), as also all clerks, officers, employés and subordinates in their respective departments, except as herein otherwise specially provided, without reference to the tenure of office of any existing appointee. But no regular clerk or head of a bureau shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department or board. ✻ ✻ ✻"

"Sec. 106. The mayor shall nominate, and, by and with the consent of the board of aldermen, appoint the heads of departments and all commissioners, except as hereinafter otherwise specially provided. He shall in like manner appoint all members of any board or commission authorized to superintend the erection or repair of any building belonging to or to be paid for by the city, whether named in any law or appointed by any local authority, and

also the commissioner of jurors, two inspectors of weights and measures, and as many sealers of weights and measures as the board of aldermen may by ordinance prescribe, and also the members of any other local board and all other officers not elected by the people, whose appointment is not excepted or otherwise provided for. * * *"

"Sec. 1664. The commissioner of jurors may, from time to time, appoint and at pleasure remove, one or more assistants, clerks in his office, and messengers, and may fix their compensation, subject to the limitation fixed by law as to the total expenses of his office."