(20 App. Div. 8.)

## PEOPLE ex rel. McGUIRE v. BRICKLAYERS' BENEVOLENT & PROTECTIVE UNION OF CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. July 13, 1897.)

1. WRIT OF MANDAMUS—DEMURRER.
    An alternative writ of mandamus has the character of a complaint in an action, and may be demurred to with like effect, and a demurrer to the return to such writ subjects the writ to criticism, to see whether it states facts sufficient to support the relief sought.

2. SAME—DENIALS IN ANSWER.
    A denial, in the return to an alternative writ of mandamus, of any knowledge or information sufficient to form a belief, as to the matters set forth in the writ, is sufficient to put such matters in issue.

3. SAME—DAMAGES.
    The question of damages, in a proceeding by mandamus, is entitled to no consideration independent of its main mandatory purpose.

4. SAME—BENEVOLENT SOCIETY—REINSTATEMENT INTO MEMBERSHIP.
    An alternative writ of mandamus, requiring the reinstatement of the relator into complete membership in a benevolent association, and setting forth as grounds therefor that a fine has been imposed on the relator without notice, that he has not been permitted to pay his dues for certain periods, that a strike has been ordered against him, whereby he lost employment, that an appeal, taken by him to an authority connected with the association, has been decided against him, but not alleging that he has been expelled or suspended from the association, nor showing the nature of his appeal, is insufficient to support the relief sought.

Appeal from trial term.

Application by the people, on the relation of Thomas B. McGuire, for a writ of mandamus against the Bricklayers' Benevolent & Protective Union of the City of Brooklyn. From an interlocutory judgment overruling a demurrer to the return to the alternative writ of mandamus the relator appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Francis A. McCloskey, for relator.
Isaac M. Kapper, for respondent.

BRADLEY, J. An alternative writ of mandamus has the character of a complaint in an action, and must, in like manner, be deemed to state the facts constituting the cause of relator's grievance, and it may be demurred to with like effect. Code Civ. Proc. § 2076. The demurrer of the relator to the defendant's return subjects the writ to criticism for the purpose of seeing whether it states facts sufficient

to support the relief sought. If it does not, his demurrer to the defendant's return will require no consideration. People v. Baker, 35 Barb. 105; People v. Booth, 32 N. Y. 397; Genet v. Kissam, 53 N. Y. Super. Ct. 43; Willover v. Bank, 10 Civ. Proc. R. 80. The mandate expressed in the writ is that the defendant reinstate the relator into its complete membership, or show cause to the contrary thereof. This is upon the theory that the relator has been illegally deprived of that relation to the defendant. The question, therefore, arises whether all the facts essential to the support of that assumption are set forth in the writ. People v. Columbia Club, 20 Civ. Proc. R. 319, 15 N. Y. Supp. 821. It is there stated that the relator was duly admitted to membership of the defendant about 20 years ago. No averment is made that he has been expelled from such membership, or that he has ceased to be a member of the defendant. The relator does by this writ state that he has continuously remained such member, except as thereafter set out. He then proceeds to state that in July, 1887, he tendered dues to the defendant's financial secretary, by whom he was informed that a fine of five dollars had been imposed upon him, and that the secretary had been ordered to collect it from the relator before receiving any dues from him; that the secretary refused to inform the relator as to such fine further than to declare that it must be paid; that thereupon and thereafter the "relator, as of right he could do, lawfully refused to pay said fine until first informed as to the cause and authority for levying the same; that thereafter, until the latter part of November, 1887, relator attended the meetings of the said corporation, and took part therein, without protest or objection by said corporation; that during all said time the financial secretary persistently refused to accept any dues from the relator, although the same were duly and regularly tendered to him by relator"; that in the latter part of November his dues were paid to and accepted by the financial secretary up to that time; that in February, 1888, the relator tendered dues to and was informed by the defendant's financial secretary that there was a fine of five dollars against him, and that no dues would be received from him until the fine was paid; that the relator making inquiry, and being unable to obtain any information as to the cause of the fine, or of the authority for imposing it, refused to pay the fine until he should receive such information; "that about the month of June, 1888, a strike was by said corporation illegally ordered against said relator by reason whereof he was idle" for two months; that the only reason why at that or any other time the relator was in arrears for dues was that he refused to pay a fine, as to the cause of which he could obtain no information; that on or about the 6th day of August, 1888, the dues of the relator up to that time were paid to, accepted, and retained by the defendant; "that since said last month and date no dues have been accepted by said corporation from the relator," although they have been frequently tendered. The effect or consequence of such refusal to accept dues from the relator upon his relation to the defendant is not stated in the writ. But the further statement is made that on or about January 12, 1895, the relator duly presented to the Bricklayers' & Masons' International Union of America

(of which the defendant was a member) a petition praying that such action might be taken as was proper for his restoration to his rights as a member of the defendant; that the international union illegally referred such appeal to an executive committee, which committee, on or about June 11, 1895, notified the relator to attend before it at a time specified, which he did, and that he has been informed by some of the members of the committee that the determination was adverse to him; that the relator has never been served with any written charges against him for violation of any of the provisions of the constitution or by-laws of the defendant, or of the International Union, or for anything whatever; that he objected to the hearing by the committee for want of jurisdiction, and that the International Union had no right to delegate such power to a committee. It does not appear what was the particular subject of the appeal to the International Union, or what was the nature of the determination adversely to the relator. No implication necessarily arises from the matters alleged in the writ that he was expelled from the defendant. And, for aught that appears by allegation, he is still a member of the union. In a pleading the facts relied upon to constitute the cause of action or defense and essential to it must be alleged. They cannot be inferred for the purpose and in support of the pleading, when implication, as matter of law, does not require it. Page v. Boyd, 11 How. Prac. 415; Magauran v. Tiffany, 62 How. Prac. 251; Rodi v. Insurance Co., 6 Bosw. 23; Tovey v. Culver, 54 N. Y. Super. Ct. 404. The facts stated in the alternative writ do not seem to support the claim to the relief sought by it. In the cases cited by the learned counsel for the relator the persons seeking relief had been suspended or expelled from the associations there referred to, and the questions for determination were whether they had illegally been deprived of or denied that relation. The matter of damages is entitled to no consideration in this action or proceeding independently of its main mandatory purpose, to which the question of damages is merely incidental. Code Civ. Proc. § 2088. These views lead to the conclusion that the demurrer was not well taken. But, proceeding further, we think the return itself is not open to the criticism sought to be founded upon the demurrer. The objection that denial by the return of any knowledge or information sufficient to form a belief of matters set forth in the writ does not put such matters in issue is not tenable. Generally, statements upon information and belief in affidavits in opposition to a motion, including that for peremptory mandamus, are not effectual to defeat the motion founded upon positively sworn statements. That rule or reason is not applicable to proceedings instituted by an alternative writ of mandamus. Then the issues are to be presented and tried as are those of actions. Code Civ. Proc. §§ 500, 2077; People v. Board of Police, 46 Hun, 296; People v. Order of American Star, 53 N. Y. Super. Ct. 66. In the view taken of the case, it is unnecessary to expressly refer to all the objections urged to the return, since the demurrer cannot be sustained upon any of them.

The interlocutory judgment should be affirmed. All concur.