(27 Misc. Rep. 697.)

PEOPLE ex rel. DENHOLM v. WELDE.

(Supreme Court, Special Term, New York County. June, 1899.)

GREATER NEW YORK—CIVIL SERVICE—CLERK IN OFFICE OF COMMISSIONER OF JURORS.

Under the Greater New York charter of 1897 (chapter 378), the office of commissioner of jurors for the boroughs of Manhattan and the Bronx is a city office, and a clerk in that office is subject to the civil service rules approved by the mayor of New York on March 5, 1898, and cannot be removed without cause.

Petition by the people, on the relation of James Denholm, for a peremptory writ of mandamus to compel Charles Welde, as commissioner of jurors, to reinstate him as a clerk in respondent's office. Granted.

Mayer & Gilbert, for relator.
John Whalen, Corp. Counsel, for respondent.

SCOTT, J. The respondent has filed a stipulation admitting that the place formerly held by the relator was, as matter of fact, classified by the municipal civil service commissioners on March 1, 1898, as a place in schedule B, subject to competitive examination, which said classification was approved by the mayor of the city of New York on March 5, 1898. The respondent couples with this admission a claim that such classification was, as matter of law, void, and of no legal effect, for the reason that the office of the commissioner of jurors then was, and still is, a county office. This admission obviates the issue of fact which was apparently raised by the answering affidavits read on the motion. The relator, a clerk in the office of the commissioner of jurors for the boroughs of Manhattan and the Bronx, was removed by the respondent's predecessor on April 1, 1898. No grounds for his removal were entered upon the records of the office of the commissioner of jurors, nor was any statement of the reason for his removal filed in said office, nor was he offered or allowed any opportunity for making an explanation. The whole question of the legality of his removal turns upon the question whether the office of commissioner of jurors for the boroughs of Manhattan and the Bronx is a city or a county office. If it is a city office, the removal was unlawful, because it violated chapter 186 of the Laws of 1898. If it is a county office, that act does not apply, and

the removal was lawful. Whether it is a city or county office must be determined by a construction of the charter of the present city of New York. For some reason, not easily explainable, the legislature has treated the office of commissioner of jurors in this county in a manner different from that in which it has treated like commissioners in other counties. The office of commissioner of jurors for all counties except New York and Kings was created and is regulated by chapter 369, Laws 1895, under which the commissioners are unquestionably county officers, and a part of the judicial system of the state, and there is no doubt that the commissioner of jurors for Kings county is also a county officer. Chapter 322, Laws 1858. In the city of New York the mayor was first given power to appoint a commissioner of jurors by the charter of 1873. Chapter 335. The court of appeals distinctly held that under that act the office of commissioner of jurors was a city, and not a county, office. People v. Dunlap, 66 N. Y. 162; Taylor v. Mayor, etc., 67 N. Y. 87. The provisions of the charter of 1873 relating to the commissioner of jurors were copied into the consolidation act of 1882, and, if that office was a city office under the act of 1873, it must, for the same reasons, have been a city office under the act of 1882. It is claimed, however, that the Greater New York charter of 1897 (chapter 378) has in some way changed the character of the office. I do not so read the act. On the contrary, the legislature seems to have taken pains to preserve the difference between the commissioners in New York county and in other counties. That the commissioner of jurors in this county should have been provided for at all in the Greater New York charter is in itself significant of an intention on the part of the legislature that he should be deemed to be a city officer. That act is, as its title implies, distinctively a municipal charter. It is designed to provide exclusively for the government of a city, and is not, as was the consolidation act of 1882, a mere consolidation of all the special and local acts affecting any public interests in what was then the city of New York. A provision for the appointment of a commissioner of jurors, even if he had been a county officer, might appropriately have been inserted in the consolidation act, but would have no place in a purely municipal charter like that of the Greater New York. It is also a significant circumstance that, while the present city of New York embraces several counties, one, at least, of which has a commissioner of jurors, the only one whose appointment is provided for by the charter is that one who exercises his functions in the county of New York. The title given to this commissioner in the charter is also significant. He is not, as he well might be, called the commissioner of jurors for the county of New York, but the commissioner of jurors for the boroughs of Manhattan and the Bronx. These boroughs are the creations of the charter, and exist only as subdivisions of the city of New York. They cover precisely the same territory as the county of New York, and it is not easy to see why this particular commissioner of jurors was given so cumbersome a title, unless it was to identify him with the city, in contradistinction to the county. If, as the court of appeals held, the commissioner of jurors was a city office under the charter

of 1873, I am unable to find in the charter of 1897 any indication of an intention to change his status to that of a county officer. I feel, therefore, constrained to hold that the respondent is a city officer, and, as such, amenable to the provisions of chapter 186 of the Laws of 1898. If so, the act of his predecessor in removing the relator was unlawful. I have not overlooked the case of People v. Plimley, 1 App. Div. 458, 37 N. Y. Supp. 152. All that the court held in that case was that section 48 of the consolidation act applied only to departments constituted by chapter 2 of the act, and therefore did not apply to the commissioner of jurors. The attention of the court does not seem to have been called to the case of People v. Dunlap, supra. For the reasons recently stated at length in People v. Scannell, 27 Misc. Rep. 662, 59 N. Y. Supp. 480. I think that the relator has sufficiently and satisfactorily explained his delay in moving, and is not to be held guilty of laches. The motion for a peremptory mandamus must be granted, with $25 costs.

Motion granted, with $25 costs.