(28 Misc. Rep. 582.)

PEOPLE ex rel. TAYLOR v. WELDE.

(Supreme Court, Special Term, New York County. July, 1899.)

1. MANDAMUS—RIGHT TO ASSAIL ALTERNATIVE WRIT ON DEMURRER TO RETURN.
    The respondent, on an application for mandamus, while contesting a demurrer to defenses interposed by the return to an alternative writ, may attack the averments of the writ on the ground that they are insufficient to warrant the relief sought.

2. GREATER NEW YORK CHARTER—COMMISSIONER OF JURORS—HEAD OF DEPARTMENT.
    A commissioner of jurors is not the head of a department, within the meaning of Greater New York charter (Laws 1897, c. 378, § 1543), defining the powers of heads of departments in the removal of subordinate officers.

3. CIVIL SERVICE ACT—TIME OF GOING INTO OPERATION—PRESUMPTION.
    Laws 1898, c. 186, entitled "An act to regulate and improve the civil service of the state of New York," amending Laws 1883, c. 354, § 13, which, by its' terms, took immediate effect, being highly remedial in its nature, and intended to further a better administration of public affairs, and only incidentally to protect private rights, is presumed, in the absence of evidence as to the precise time when it was approved, to have been in operation during the entire day of its approval.

4. PUBLIC OFFICER—CONDUCT IN OFFICE—PRESUMPTION.
    That a public officer has done his duty is presumed only so far as to raise an inference that his acts conform to the law regulating the same, and to impose the burden of proof on one assailing his conduct; but this presumption is insufficient to override such presumptions in favor of the one who has such burden as relate to a determination of the law regulating the officer's actions.

5. GREATER NEW YORK—COMMISSIONER OF JURORS—CIVIL SERVICE ACT.
    The office of commissioner of jurors in Greater New York is not a county office, but a city office, to which Laws 1898, c. 186, relating to the removal of officers in the civil service of the state or cities, applies.

6. MANDAMUS—LACHES IN MOVING FOR WRIT.
    An unexplained delay of four months to move for mandamus to compel reinstatement to a public office from which the petitioner was removed is sufficient laches to defeat the writ.

Application for mandamus on the relation of David C. Taylor against Charles Welde, as commissioner of jurors, to compel a reinstatement of relator to a public office from which he was removed. Relator demurred to the return to the alternative writ issued on the application. Sustained in part, and overruled in part.

William McArthur, for relator.

John Whalen, Corp. Counsel (Charles Blandy and Charles A. O'Neil, of counsel), for respondent.

BEEKMAN, J. The relator, having been appointed a clerk in the office of the commissioner of jurors in 1895, continued to retain his position and to perform its duties until the 31st day of March, 1898, on the morning of which day, though at what hour does not appear, he was discharged by said commissioner. The position was a competitive one, duly classified as such by the local civil service commissioners. No opportunity was afforded him of making an explanation, nor were the true grounds of his removal forthwith entered upon the records of the office, or any statement showing the reason therefor filed therein. Claiming that his removal was unlawful, he has obtained an alternative writ of mandamus for his reinstatement, to which a return has been filed, and the matter now comes before the court upon a demurrer to certain defenses which the respondent has interposed to the writ. The respondent, while contesting the demurrer upon the issues which it directly presents, attacks, as is his right (People v. Bricklayers' Benevolent & Protective Union, 20 App. Div. 8, 46 N. Y. Supp. 648), the allegations of the writ on the ground that, conceding the facts to be as therein stated, they are insufficient to support it, or to constitute grounds for the relief asked for. It therefore becomes necessary first to consider the question thus raised. The relator predicates his claim to relief upon two grounds, either of which, if well established, is sufficient to support the writ.

1. He contends that he was a regular clerk under the commissioner of jurors, and was, therefore, protected by the provisions of section 1543 of the new charter (chapter 378, Laws 1897), which provides that:

"The heads of all departments (except as otherwise specially provided) shall have power to appoint and remove all chiefs of bureaus (except the chamberlain) as also all clerks, officers, employees and subordinates, in their respective departments, except as herein otherwise specially provided, without reference to the tenure of office of any existing appointee. But no regular clerk or head of a bureau shall be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department or board. In case of removal, a statement showing the reason therefor shall be filed in the department."

The section further provides that, except as otherwise provided in the act, the number and duties of all officers and clerks, employés, and subordinates in every "department," with their respective salaries, shall be such as "the heads of the respective departments" shall designate and approve, but subject to the revision of the board of estimate and apportionment. It is unnecessary to enter upon any discussion of this point, as it seems to have been decided adversely to the relator by the appellate division in the case of People v. Plimley, 1 App. Div. 458, 37 N. Y. Supp. 152, where it was held that the commissioner of jurors is not "the head of a department," within the meaning of section 48 of the New York City consolidation act (chap-

ter 410, Laws 1882), and, consequently, that the provisions of that section did not apply to clerks and employés in his office. As section 1543 of the new charter is substantially a reproduction of this section, the decision above mentioned must be regarded as controlling, unless elsewhere in the new charter other provisions can be found which plainly give a new meaning to section 1543 favorable to the relator's contention. I have been unable to discover any such modifying instances, and the point thus made by the relator must be held to be not well taken.

2. The relator further claims that he was also protected against summary or arbitrary removal by section 13, c. 354, Laws 1883, as amended by chapter 186, Laws 1898, entitled "An act to regulate and improve the civil service of the state of New York." This section, as it originally stood, simply provided that "no recommendation or question under the authority of this act shall relate to the political opinions or affiliations of any person whatever." To this, however, the amendatory act of 1898, which, by its terms, took effect immediately, added the following words:

"And if a person· holding a position subject to competitive examination in the civil service of the state or of a city shall be removed or reduced, the reasons therefor shall be stated in writing and filed with the head of the department or other appointing officer, and the person, so removed or reduced shall have opportunity to make an explanation."

Certainly, if the act of 1898 was in force at the time of relator's removal, it was not complied with, and the writ would be free from the objection which the respondent urges against it. It is contended, however, by the latter that, as the removal of the relator occurred on the same day as that on which the act of 1898 became a law by the approval of the governor, namely, on March 31, 1898, it was incumbent upon him to allege that he was removed at some period of the day subsequent to such executive approval, and that his failure so to do is fatal to the writ. I cannot concur in this view. While there has been some diversity of opinion upon the subject elsewhere, the court of appeals of this state has held that, in the absence of evidence to the contrary, a statute must ordinarily be deemed to have been operative for the entire day on which it became a law. Croveno v. Railroad Co., 150 N. Y. 225, 44 N. E. 968. The case cited is a carefully considered one, and contains a review of the authorities upon the subject in other jurisdictions. The action was for a personal injury. The question arose upon a motion to dismiss an appeal taken to the court of appeals from a judgment of affirmance rendered by the appellate division, which was entered at 1 o'clock and 50 minutes p. m. on May 12, 1896. On the same day the governor duly approved of chapter 559, Laws 1896, which, among other things, provided that no appeal should be taken to the court of appeals from a judgment of affirmance "hereafter rendered" in such an action where the decision of the appellate division is unanimous, except upon leave granted by the latter court. There was no evidence tending to show at what hour of the day the bill was signed by the governor. By its terms the act took effect immediately. As the court, in its opinion, states, the real question before it was whether this statute was in force when the

judgment appealed from was entered. Judge Martin, by whom the opinion was delivered, says (page 229, 150 N. Y., and page 969, 44 N. E.):

"There being no proof as to the time of day when the act became a law, the question in this case must depend upon the presumption as to the time when it took effect. It seems to be settled by the weight of authority that, in the absence of evidence as to the precise time when approved, an act operates during the entire day of its approval."

The motion to dismiss the appeal was accordingly granted. That there may be limitations to the application of the rule is, I think, at least impliedly suggested by the opinion. The court has wisely left the definition of such limit to future decision upon facts which call for such determination. I see no reason, however, upon the facts here presented, for excluding the case under consideration from the application of the rule. The act of 1898 is not a penal one, but is highly remedial in its nature, and therefore calls for a liberal construction. It is a public act, passed, as its title shows, in furtherance of a better administration of public affairs, and, in so far as private or personal rights may be involved in its enforcement, they are incident to, and not the main object of, its protection. In this view of the statute, I can see no reason for not giving full effect to the presumption in question. It is a rebuttable one, and the respondent will be free, upon a trial of the issues, to show, if it be possible to do so, that the approval of the executive was not appended to the act until after the relator had been discharged. But it is contended by the learned counsel for the respondent that there is another presumption, namely, that the respondent, being a public officer, has performed his duty, which would be disregarded if the court should indulge in a presumption with respect to the operation of the statute which necessarily compels the conclusion that the respondent has been guilty of a breach of duty. That there is a general presumption, rebuttable, of course, in favor of the regularity of official acts, is undoubtedly true, and it inures to the benefit of any one as against whom such acts are challenged. But this is much the same as stating that the burden rests upon the party making a charge of substantiating it. 2 Whart. Ev. § 1319. As the learned author cited says:

"What the law says, and all that it in this respect says, is that a public officer is so far assumed prima facie to do his duty that the burden is upon the party seeking to charge him with misconduct. And this is in full harmony with the general rule above given that on the actor lies the burden. The same reasoning applies in cases where the conduct of the officer comes collaterally in question. The burden is on those assailing such conduct, and so far, but only so far, the conduct of such officer is presumed to be right."

In the case of Wood v. Terry, 4 Lans. 80, 84, the doctrine is succinctly stated in the following language:

"The law presumes the due performance of official duty, and this presumption must be overcome before the court can declare the proceedings void. When an officer or party is in the attitude of asserting rights, founded on official acts, and when due performance is essential to the right, due performance must be proved, and cannot be presumed [citing cases]. But when a party asserts a right, based on the illegality or irregularity of the proceedings of a court or public officer, the onus is on him to prove the defects; otherwise, the presumption prevails."

But this presumption cannot be carried so far as to override another, which inures to the benefit of the relator, and which is equally well settled. There are two questions involved, and two matters with respect to which the relator holds the affirmative: (1) The law upon which he rests his right; (2) the acts or omissions of the respondent showing an infraction of the law. The presumption of official regularity, which the respondent is entitled to invoke, is that his act was in conformity with the law which regulated his action, and that whatever such law may have required to be done to give validity to the act of dismissal had been duly performed. But this is as far as it goes. It does not extend to questions which relate only to what the legal duties of the officer were. These must be assumed to be settled and established before any question can arise whether the acts of such officer were or were not performed in conformity with the law prescribing such duties, and therefore before any occasion exists for invoking the presumption of due performance of public duty. The claim of the respondent really amounts to this: that it is to be presumed not only that he performed his duty, but also that his act was the measure and expression of what his duty was. The fallacy of this is at once apparent. It is thus plain that there is no lack of harmony or inconsistency in giving full effect to both presumptions within the sphere of action allotted to each. The presumption with respect to when the act of 1898 became operative is in aid of a determination of what the law upon the subject was when the act complained of was done. The other presumption compels the assumption by the relator of the burden, which, as the terms of the writ show, he has recognized, of proving that the acts of the respondent have not been in harmony with the law defining his duties in the matter.

The learned counsel for the respondent further challenge the writ on the ground that the office of commissioner of jurors is a county, and not a city, office, and that the act of 1898 does not, therefore, apply to the relator. The answer to this seems to be that, prior to the adoption of the new charter, it was held otherwise in the case of People v. Dunlap, 66 N. Y. 162. See, also, Taylor v. Mayor, etc., 67 N. Y. 87. There is nothing which I have discovered in the existing charter that, in my opinion, calls for any change of view upon the subject. The question has been fully discussed by Mr. Justice Scott in the case of People v. Welde, 27 Misc. Rep. 697, 59 N. Y. Supp. 474, in which he has held that the office in question is a city office, and, as I concur in his opinion, further discussion of the subject seems to be unnecessary. It follows from what has been said that the objections which have been raised to the writ by the respondent are untenable.

It now becomes necessary to consider the merits of the demurrer which the relator has interposed to the return. The tenth paragraph of the return, by way of a separate defense to the writ, alleges "that more than four months had elapsed since the said David C. Taylor was removed before he made application to the court for a mandamus to compel his reinstatement, and that he is guilty of such laches in the premises as disentitles him to the relief prayed for."

This is demurred to. Rejecting so much of it as may be open to the objection of stating a mere conclusion of law, facts are stated sufficient to bring the case within the decisions that a delay of over four months in moving for a mandamus in such a case as this, if unexplained, constitutes laches which forbids the issuance of the writ. People v. Justices of Court of General Sessions, 78 Hun, 334, 29 N. Y. Supp. 157; People v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 608. It has also been held that, where satisfactory reasons are given for the delay, the time limit above mentioned does not apply. In re McDonald, 34 App. Div. 512, 54 N. Y. Supp. 525. The burden of showing such facts rests upon the relator, and, as there is nothing in the defense in question pointing to their existence, it is good upon its face. The counsel for the relator calls attention to the facts alleged by him in paragraph 14 of the writ in exculpation of the imputation of laches, but, as this paragraph is explicitly denied in the return, the court is precluded from considering it on this demurrer. The demurrer to this defense is therefore overruled.

With respect to the other defenses to the writ which have also been demurred to, I am of the opinion that they are insufficient, and that as to them the demurrer should be sustained, with costs, but with the usual leave to the respondent to amend on payment of costs. Ordered accordingly. Notice decision and interlocutory judgment for settlement accordingly.

Ordered accordingly.