PEOPLE ex rel. HILLMAN v. SCHOLER et al.

(Supreme Court, Appellate Division, First Department.  May 6, 1904.)

1. CORONERS—NATURE OF OFFICE—NEW YORK CITY CHARTER.
    Const. 1846, art. 10, § 1, provided that certain officers, including coroners,
    should be chosen by the electors of the respective counties.  Consolidation
    Act (Laws 1882, p. 429, c. 410) § 1766, provided for the election of coroners
    in the city and county of New York in the same manner and at the same
    elections as sheriffs.  The Constitution of 1894 amended article 10, § 1,
    of that of 1846, by dropping coroners therefrom.  New York City Charter
    (Laws 1897, p. 555, c. 378) § 1608, repealed the consolidation act so far as
    its provisions were inconsistent with those of the charter, or with the
    subject-matter included therein; and section 1570, p. 547, provided for the
    election of coroners in the various boroughs in the same manner and at
    the same elections as sheriffs.  Held, that under the charter the provision
    of the consolidation act for the election of coroners was repealed, and the
    coroners, being provided for in the charter, became borough instead of
    county officers.

2. NEW YORK CITY CHARTER—REMOVAL OF CLERKS—APPLICATION OF PROVI-
    SIONS—CORONERS' CLERKS.
    New York City Charter (Laws 1897, p. 35, c. 378) § 118, provides that
    the mayor shall appoint the heads of departments.  Section 96, p. 30, pro-
    vides that there shall be 18 administrative departments in the city, but
    does not mention coroners.  By subsequent sections these departments and
    the duties of their heads are specified, and by section 1543, p. 541, the
    heads of departments are given power to appoint and remove clerks and
    subordinates in their respective departments; but, under the section, no
    regular clerk can be removed until he has been allowed an opportunity
    of making an explanation, and the true grounds of the removal must be
    entered on the department records.  Title 8 relates to coroners, and section
    1571, p. 547, of that title, empowers the coroners to appoint a clerk and
    assistants.  Held, that section 1543, p. 541, applies only to clerks in the
    regular city departments specified in the charter, the heads of which are
    appointed by the mayor, and the functions of which, as parts of the mu-
    nicipal government, are regulated by the charter, and has no application
    to the clerk in the coroner's office, who is provided for by a different por-
    tion of the charter, and whose superior,—the coroner, while elected under
    the city charter, does not perform duties as a municipal officer, but rather,
    duties appertaining to the administration of county affairs.

Appeal from Trial Term, New York County.

Mandamus by the people, on the relation of William S. Hillman, against Gustav Scholer and others, as coroners of the borough of Manhattan, city of New York.  From an order granting a writ directing defendants to restore the relator to the office of chief clerk of the coroner's office in said borough and city (86 N. Y. Supp. 713), defendants appeal.  Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN and INGRAHAM, JJ.

Julius M. Mayer, for appellants.
C. E. Hunter, for respondent.

INGRAHAM, J.  The relator claims that his removal by the defendants was illegal, and brings this proceeding to compel the defendants to reinstate him.  Prior to the adoption of the charter of the city of New York (chapter 378, p. 1, of the Laws of 1897), the office of coroner had always been a county office, and recognized as such

in all the state Constitutions prior to that adopted in 1894. Section 1 of article 10 of the Constitution of 1846 provides that sheriffs, clerks of counties, including the register and clerk of the city and county of New York, coroners, and district attorneys, shall be chosen by the electors of the respective counties once in every three years, and as often as vacancies shall happen. Under this provision of the Constitution, section 1766 of the consolidation act (chapter 410, p. 429, of the Laws of 1882) provided that coroners should thereafter be elected in the city and county of New York in the same manner and at the same general elections as sheriffs, and should hold their office for the same term, and be removable in the same manner. Upon the adoption of the Constitution of 1894, section 1 of article 10 was amended by dropping coroners therefrom, leaving that office under the control of the Legislature. The county law (chapter 686, p. 1743, of the Laws of 1892) regulates the election of coroners in all counties of the state, except the city and county of New York, as by section 1 of that act it was provided that the act should not apply to the county of New York. Section 1608 of the charter of 1897 (chapter 378, p. 555, of the Laws of 1897) repealed the consolidation act, so far as the provisions thereof were inconsistent with the provisions of the charter, or so far as the subject-matter thereof is revised or included in the charter, and no further. Section 1570, p. 547, of the charter, provided that:

"Four coroners shall hereafter be elected in the borough of Manhattan, two in the borough of the Bronx, two in the borough of Brooklyn, three in the borough of Queens and two in the borough of Richmond. They shall be elected in the same manner and at the same general elections as are the sheriffs in the several counties in which such boroughs are situated, shall hold their respective offices for the term of four years and shall be removable in the same manner as sheriffs."

The charter thus having provided for the election of coroners in the city of New York, as borough officers, the provision of the consolidation act for the election of coroners for the city and county of New York was repealed, the election of coroners thereafter was regulated by the charter of the city of New York, and such coroners were thereafter to be elected as borough officers instead of county officers.

The question of the election of coroners under this provision of the charter was presented to the Appellate Division in the Second Department in the case of People ex rel. Burger v. Blair, 21 App. Div. 213, 47 N. Y. Supp. 495, affirmed on opinion below in 154 N. Y. 734, 49 N. E. 1102. It was held that the borough coroners are city officers, and their salaries and the expenses of their offices are charged on the entire city alike; that the salaries and expenses of county coroners are county charges, and charged only upon the counties for which they are elected; and although, in the opinion, when discussing the election or appointment of coroners, it is said, "While the office is no longer a constitutional one, still it falls within section 2 of article 10 of the Constitution, which directs that all county officers shall be appointed by the board of supervisors or other county authorities, as the Legislature shall direct," and that under this provision the Governor would have no power to appoint a coroner if a

vacancy was created in the office by the Legislature, still it was expressly decided that the coroners were borough officers, elected under the charter of the city of New York, and not county officers; and, considering the provisions of the Constitution and the charter, there is no escape from that conclusion.

Assuming, therefore, that the coroners are, under the charter of 1897, borough officers of the city of New York, elected under its provisions, the further question is presented as to whether section 1543 of the charter applied to clerks appointed by the coroners. Section 118, p. 35, of the charter, provides that the mayor shall appoint the heads of all departments and all commissioners, except as otherwise provided in the act. Section 96, p. 30, provides that there shall be 18 administrative departments in the said city, among which coroners are not included. By subsequent sections, these various departments and the duties that are imposed upon their heads are specified; and then, by section 1543, p. 541, it is provided that:

"The heads of all departments (except as otherwise specially provided) shall have power to appoint and remove all chiefs of bureaus (except the chamberlain) and also all clerks, officers, employees and subordinates in their respective departments, except as herein otherwise specially provided, without reference to the tenure of office of any existing appointee. But no regular clerk or head of a bureau shall be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department or board."

Provision is then made by which the head of the department shall have the power to fix the salaries of all officers, clerks, employés, and subordinates in his department, whether before fixed by special law or otherwise. After these provisions applying to departments of the city government, there follow special provisions in relation to the appointment and regulation of other officers. Title 8 relates to coroners. These provisions were continued in the amended charter of 1901 (chapter 466, pp. 645, 646, of the Laws of 1901) as sections 1570 and 1571 of that act. Section 1571 provides that:

"The coroners in each borough shall have an office in said borough and shall appoint a clerk who shall receive an annual salary to be fixed by the board of estimate and apportionment and the board of aldermen, and such and so many assistant clerks as shall be provided for in the annual budget."

The relator was appointed on the 15th day of November, 1902, chief clerk in the office of the coroners of the borough of Manhattan, city of New York, under this section of the charter.

I do not think that section 1543 of the charter has any application to clerks or other officers, except those in the regular city departments which are specified in that section. The departments of the city government are specified in the charter. The head of each department is appointed by the mayor. The duties of the heads and officers in the departments are regulated, and they become corporate officers to perform the duties imposed upon the municipal corporation. By section 1543 of the charter, the heads of the departments are given the power to appoint and remove all chiefs of bureaus, except the chamberlain, and also all clerks, officers, employés, and subordinates in their respective departments. It is quite clear that

this provision would not apply to the subordinates of coroners, and in connection with this power of appointment, which applies only to the regular city departments, there is the provision which restricts the power of the head of a department to remove the head of a bureau or regular clerk except as therein provided. It seems to me that this restriction must apply to the clerks of a department mentioned in the former portion of the section, in which a power of appointment is given. The right of coroners to appoint a chief clerk is not derived from this section, but depends upon a subsequent section (section 1571). While the coroners are elected as provided for by the charter, they perform no duty which is imposed upon the municipal corporation. They have no power given to them as officers of the corporation, but perform a duty which would come under the general class of those appertaining to the administration of the county affairs, rather than a duty devolving upon a municipal corporation. Their duties are not prescribed in the charter, nor do they get their power to act from its provisions; and, while the charter provides for their election, they are not officers performing a duty imposed upon the municipality. In the case of People ex rel. Maharin v. Plimley, 1 App. Div. 458, 37 N. Y. Supp. 152, we held that the commissioner of jurors, though appointed by the mayor under section 106 of the consolidation act (chapter 410, p. 1, of the Laws of 1882), was not the head of a department, under section 48 of that act, and therefore section 48, which contains substantially the same provision as is contained in section 1543 of the charter, upon which the relator relies, was not applicable to a clerk in the office of the commissioner of jurors; and there is no substantial difference between the question there presented and the question presented in this case.

As there appear to be no other restrictions as to the power of the coroners to remove the relator, except that contained in section 1543 of the charter, and as that section does not apply, we can see no reason why the defendants had not authority to remove the relator without assigning any reason, or without giving the relator an opportunity to be heard; and it follows that the final order granting the peremptory mandamus must be reversed, and the proceeding dismissed, with costs. All concur.