## Menge v. City of Philadelphia et al. No. 2

*Fred C. Gartner* and *Herbert Welty*, for plaintiff.
*Joseph Sharfsin* and *James F. Ryan*, for defendants.

FINLETTER, P. J., December 21, 1939.—This case is before us on a writ of alternative mandamus, a return by defendants, and an answer to the return, raising questions of fact. By stipulation of counsel the issues are left to the determination of the trial judge without a jury.

At the trial the undisputed facts appeared to be that plaintiff, after some service in other ranks of the police force, was instated in the rank of captain of police, at a salary of $2,800 a year. On March 31, 1937, he was demoted to the rank of street sergeant, at a salary of $2,-475 a year. No hearing had been held by the Civil Service Commission as a basis for the demotion.

In the case of Simmler v. Philadelphia et al., 329 Pa. 197, it was held, on March 21, 1938, by the Supreme Court, that a demotion constitutes a removal within the meaning of the Act of June 25, 1919, P. L. 581, art. XIX, sec. 18, par. 2. That act provides that no police officer shall be removed or discharged except after hearing before the Civil Service Commission.

The case cited governs the instant case. The demotion was a removal, and, since no opportunity for a hearing was given relator, was illegal. And relator must be reinstated with full pay unless some reason to the contrary exists.

See opinion of Judge Francis Shunk Brown, Jr., in Menge v. City of Phila. et al. (No. 1), 36 D. & C. 352, 357, given in connection with the demurrer to the return.

It was said, in that opinion, that "The court has a broad discretion in determining when a writ of mandamus shall issue," and, in order to exercise this discretion, it should have a full knowledge of the facts involved. A technical reliance on the admissions resulting from a demurrer is unsatisfactory, and does not give the court that full knowledge of the facts that is needed for a wise exercise of the court's discretion.

The trial developed the propriety of this conclusion, for two important subjects were then raised, one, the effect of the alleged laches of the relator; and, the other, the administrative difficulties that would arise from a reinstatement of relator after a delay of two years in his application for relief.

The rule affecting the defense of laches is stated by President Judge Keller in Cohen v. De Cicco, 90 Pa. Su-

perior Ct. 51, 56, in which he cites the opinion of President Judge Rice in Youse v. McCarthy, 51 Pa. Superior Ct. 306, 311:

" 'Laches is not to be imputed to a party from mere lapse of time alone; it is an implied waiver, arising from knowledge of existing conditions and an acquiescence in them': Hansell v. Downing, 17 Pa. Superior Ct. 235, 239."

". . . lapse of time during which the plaintiff has . . . neglected or omitted to assert his right, is to be considered in connection with the general nature of the proceeding, the nature of the transaction involved . . . each case as it arises must be decided according to its own peculiar facts, taking into consideration all the elements affecting the question": Youse v. McCarty, supra, p. 311.

See also 38 C. J. 712, 831.

The instant case involves the reinstatement of a police captain to a captaincy from which he had been illegally discharged. The parties involved are not plaintiff alone, but the city, whose police force is concerned, whose finances and budget are involved, and the general public, whose interest in proper police protection is obvious.

The relator was demoted on March 31, 1937, from one of the captaincies of the city police department. The place thus vacated was filled by another. On April 21, 1939, relator's petition for a mandamus, directing his reinstatement, was filed. Meanwhile the office was occupied by another person, who received the full salary, and if plaintiff succeeds in these proceedings the city will have paid double for the services of one man. Relator took no action whatever for two years to assert his right. It is evident he intended none, for after the Simmler case was decided, holding that a demotion was a discharge, he waited 13 months before bringing this action, meanwhile pulling all available wires to secure some other captaincy than the one from which he had been discharged.

Evidently he was not relying upon his legal rights but upon the expectation that he would be appointed to another office. It was only when he was disappointed in this

expectation by the appointment of three other persons to captaincies that he reverted to his legal rights, and brought this suit. We think he had acquiesced in his discharge, and that this acquiescence, coupled with the lapse of over two years, amounts to laches.

Some light may be thrown upon the question by the following cases:

In United States ex rel. v. Lane, etc., 249 U. S. 367, it was held that in the absence of a satisfactory explanation a delay of 20 months in applying for mandamus for reinstatement amounted to laches, it appearing that another appointee held the office, did the work, and drew the salary. A public official should take prompt action to assert his rights "to the end that . . . the Government service may be disturbed as little as possible and that two salaries shall not be paid for a single service. . . . Such a long delay must necessarily result in changes in the branch . . . and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy." Citing State of Louisiana ex rel. v. Police Board, etc., 107 La. 162, Stone v. Prison Board, etc., et al., 164 Ky. 640, People of N. Y. ex rel. v. The Board of Education, etc., 114 App. Div. 1, 99 N. Y. Supp. 737, and Clark v. City of Chicago et al., 233 Ill. 113.

In State of Louisiana ex rel. v. Police Board, etc., supra, p. 165, a delay of 12 months by a police captain, who alleged unlawful removal, was held unreasonable delay. The failure to apply for a retrial was commented on. Also the fact that a vacancy could not be permitted to exist in the face of needed police protection. Relator's delay put the city to the additional expense of the new appointee's salary, i. e., he let the city go unprotected unless it paid double. "The *nature of the case* was such as to call for prompt action."

See also People of N. Y. ex rel. v. Lantry, Comm. etc., 48 App. Div. 131, 62 N. Y. Supp. 630, People ex rel. v. Welde, Comm., etc., 28 Misc. 582, 59 N. Y. Supp. 1030, 38 C. J. 550, 712, and 18 R. C. L. 138.

For these reasons we think the relator may properly be charged with laches, and that the mandamus should be denied. . . .