OPINION OF THE COURT
John R. Tenney, J.
Plaintiff seeks to enforce a settlement agreement it reached involving its tax certiorari cases against the City of Syracuse for the years 1964-1975. By mutual agreement, the proceedings were divided into two groups, 1964 through 1970 and 1971 through 1975. The 1964-1970 proceedings were tried and a judgment of $276,400 was obtained by plaintiff. While an appeal from this judgment was pending, the parties entered into a stipulation on March 26, 1975, which is the subject of this motion.
At the time of the stipulation, W. T. Grant Company was experiencing financial difficulty and was considering closing its Syracuse store. As an incentive to keep the business open, the city settled the appeal on certain conditions *698 including future handling of the 1971-1975 tax proceedings. The agreement contained four paragraphs but only the first two are at issue here. The first settled the 1964-1970 proceedings and provided for three annual payments of $80,000. Each annual payment is contained in a separate subparagraph and is specifically conditioned on Grant’s continuing to operate a portion of its store. The agreement provides that if Grant’s is closed on any payment date there shall be no further payments. Grant’s closed in 1976. Thus, only one $80,000 payment was made.
The second paragraph is restricted to the 1971-1975 tax proceedings. It establishes a formula for payment of any award or judgment for those tax years.
Those matters were finally determined by the Court of Appeals in 1981. Plaintiff obtained a final judgment against the city of $439,220.82 which sum was paid by the city. Demand was made for an additional payment in accordance with the agreed-upon formula. After the city refused to pay any additional amounts, plaintiff commenced this action.
Defendant raises the affirmative defense of plaintiff’s failure to serve a notice of claim as required by section 7-115(3) of the Charter of the City of Syracuse. Plaintiff has moved, pursuant to CPLR 3211 (subd [b]), to dismiss this defense. Defendant cross-moves for dismissal of the complaint.
Plaintiff’s cause of action under the settlement contract accrued on the date that the Court of Appeals rendered its final decision in the 1971-1976 proceedings on April 9, 1981. On that date, section 7-115(3) required that notice of a contract claim had to be served within three months of its accrual which would have made July 9, 1981, the last date to file a notice of claim. However, on July 6, the Common Council repealed the existing notice of claim provision and enacted a new provision which established a 90-day notice of claim for causes of action accruing on or after October 1, 1981. Plaintiff contends that this created a gap in the law, and no notice of claim is required in this action.
Defendant, relying upon the Municipal Home Rule Law, argues that although the provision was enacted on July 6, it did not become effective until after the 90 days had *699 expired. Specifically, section 21 provides that a local law shall only be “deemed to have been adopted” after it is signed by the Mayor and returned to the clerk. Subdivision 3 of section 27 provides that a local law will “not become effective before it is filed in the office of the secretary of state.”
The impact of section 27 of the Municipal Home Rule Law was discussed in Matter of Hehl v Gross (35 AD2d 570). The County Board of Supervisors adopted a local law, subject to mandatory referendum which expanded the scope of the civil service to include personnel in the Sheriff’s Department. The law was subsequently approved by referendum but for some reason there was a delay in filing the law with the Secretary of State. Between these two dates, petitioner was discharged without compliance with the applicable civil service rules.
The court held that petitioner should be reinstated even though the local law was not effective until after his dismissal. In so holding, the court stated: “[W]e think also that the intent of the local law is frustrated by the dismissal of the petition. Clearly, the Board of Supervisors and the electors intended that those employees of more than a year’s standing should not be subject to removal by the Sheriff after the approval of the local law at the referendum. Thus, it was intended, no matter what the effective date of the law might be, that it was to be operative at the time of its approval at the referendum. * * * A distinction has long existed between the effective date of a statute and its operative date. * * * Though all legislation cannot be applied retrospectively, there is no reason to deprive petitioner of that benefit. The local law is remedial, having as its laudable object the extension of civil service rights to the employees of the Sheriff (N. Y. Const., art. V, § 6; cf. People ex rel Taylor v. Welde, 28 Misc. 582). As the object of the local law was plainly to benefit petitioner, the local law should be construed in his favor.” (Matter of Hehl v Gross, 35 AD2d 570, 571-572, supra; emphasis in original.) Here, the July 6 resolution states that section 7-115 “is hereby repealed”. Plaintiff argues that this requires a finding that the repeal was operative on the date of the resolution regardless of the date that the repeal became effective. *700 Further, since the resolution had no savings clause, resort must be had to the common law which has no provision for a notice of claim.
Plaintiff’s position misconstrues the rationale in Matter of Hehl v Gross (supra). While there may indeed be a difference between the operative date and the effective date, this does not mean that the operative date must be the date of passage. As was done by the court in Hehl, it is necessary to review both the substance of the law and the circumstances in which it was passed to determine the legislative intent.
In Hehl, the court emphasized the remedial nature of the law and the fact that it was passed for petitioner’s benefit. Here, the new law expanded the scope of the notice of claim provision to include not only contract actions but all actions or proceedings against the city. There is no indication of any intent to exempt existing contract claims for any period of time, or to make the repeal operative on the date of the resolution.
Further, the fact that there was no specific savings clause does not mean, as contended by the plaintiff, that reference must be made to the common law. Section 4-105 of the city’s charter provides that all local laws are to be adopted “in accordance with the procedure prescribed by law”. (General Construction Law, § 90 et seq.) Section 95 provides an automatic savings clause where, as here, the new law is substantially a reenactment of a prior statute. Since the new charter section merely reenacted the repealed section insofar as it relates to contract claims, plaintiff may not resort to the common law. Defendant’s motion to dismiss should, therefore, be granted.