THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN MILLER, Appellant, v. THE JUSTICES OF THE COURT OF GENERAL SESSIONS OF THE PEACE FOR THE CITY AND COUNTY OF NEW YORK, Respondents.

*Motion for a peremptory mandamus — denied for laches — Statute of Limitations as to writ of certiorari.*

Where a person discharged from the office of court attendant waited eight months before making an application for a mandamus to compel his reinstatement on the ground that he was an honorably discharged Union soldier, his motion is properly denied on the ground of *laches*.

The Statute of Limitations in respect to writs of certiorari is four months.

APPEAL by the relator, John Miller, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of January, 1894, denying his motion that a peremptory writ of mandamus issue directed to the justices of the Court of General Sessions of the Peace for the City and County of New York, requiring them to reinstate the relator as court attendant in said court.

*Wm. Doll,* for the appellant.

*Theo. Connoly,* for the respondents.

VAN BRUNT, P. J.:

The relator, who claims to be a veteran, was formerly a court attendant in the Court of General Sessions, and on the 31st of March, 1893, he was removed from his position by the judges of the court without charges and without a hearing had, which the relator claims to have been in violation of law. In the December

following the appellant made a motion for a mandamus directing the Court of General Sessions to reinstate him as a court attendant. In his affidavit he alleges, in addition to the facts hereinbefore stated, that he has since been prevented from discharging the duties of the office to which he was appointed by the said judges; that upon his removal he demanded his retention in said position on the ground that he was an honorably discharged Union soldier, and offered proof of such fact and demanded his reinstatement on that ground, but such judges have since neglected and refused to so reinstate him. In answer to the application, all the judges of the Court of General Sessions made affidavit that the appellant had not at any time demanded his retention in his position upon the ground that he was an honorably discharged Union soldier, or offered any proof of the fact, or ever demanded his reinstatement on such grounds, and denying that he had ever been prevented from performing his duties, except by his discharge.

Upon this state of facts the motion was denied, and from the order thereupon entered this appeal is taken.

Without considering any of the questions which are attempted to be presented on this appeal, we think the motion was rightly denied upon the ground of *laches.* The relator was discharged on the 31st of March, 1893, and waited eight months before making any application for reinstatement. In respect to writs of certiorari the Statute of Limitations is four months; and we see no reason why a party claiming the offices of the court by way of mandamus to reinstate him into a position from which he claims to have been unjustly discharged, should be allowed to wait an indefinite time before asking for the enforcements of his rights by this summary procedure. If the relator claimed to have been unjustly removed, it was his duty to proceed with diligence, in order that the respondents might have been apprised of the claim advanced. But the appellant waited eight months before making any move whatever; and we do not think that this summary writ should issue at this late day.

The order should be affirmed, with ten dollars costs and disbursements.

FOLLETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.