In re VANDERHOOF.

(Supreme Court, Special Term, Kings County. January 17, 1896.)

1. MANDAMUS—TO COMPEL REINSTATEMENT TO OFFICE—LACHES.

The right to mandamus to compel reinstatement of one removed from office in violation of Laws 1892, c. 577, prohibiting removal of veterans except for cause shown after a hearing, is barred by a delay of more than four months in applying for the writ, though the removal was willful.

2. OFFICE AND OFFICER—REMOVAL OF VETERAN—MISDEMEANOR.

Under Laws 1892, c. 577, prohibiting the removal of a veteran from public office except for cause shown after a hearing, but imposing no pen-

alty, and Pen. Code, § 155, providing that if an act is prohibited by statute, and no penalty is fixed, the act is a misdemeanor, a public officer removing a veteran without cause shown and a hearing is guilty of a misdemeanor.

Petition by John Vanderhoof for a writ of mandamus to compel George W. Palmer, comptroller of the city of Brooklyn, to reinstate petitioner in a clerical office.    Denied.

James D. Sell, for petitioner.
A. G. McDonald, Corp. Counsel, opposed.

GAYNOR, J.    The petitioner was a clerk in the tax and assessment bureau of the department of finance of the city of Brooklyn. The comptroller was expressly prohibited by statute from removing him except for cause shown after a hearing, he being entitled to that protection under the veteran statute (Laws 1892, c. 577).    On January 26, 1895, the comptroller informed him that he would not be retained after January 30th.    On the latter day the petitioner informed the comptroller by letter that he was a veteran, and therefore entitled to hold his position.    The comptroller on the same day answered him by letter, acknowledging the receipt of his notice of "intention to insist" on his rights under the veteran statute, and concluding as follows:    "I now notify you that on and after this date your position will be abolished."    It is shown that whereas only seven, or at most eight, clerks were employed in the said bureau prior to and at the time of the petitioner's discharge, the comptroller now employs ten clerks there, and it is insisted that the veteran law may not be nullified or defied by a mere pretense of abolishing places. This is undoubtedly so, but the question of whether the comptroller's act in nominally abolishing the petitioner's position was really to make way for another, and therefore only a sham, cannot be tried herein, because of the delay of the petitioner in instituting this proceeding.    It has been decided that a delay of more than four months bars an application for a mandamus for reinstatement (People v. Justices of Court of General Sessions, 78 Hun, 334, 29 N. Y. Supp. 157), and this petitioner delayed more than eleven months.    It is insisted that the conduct of the comptroller was willful and wrongful.    I do not see how that affects the case.    The only remedy provided for that is by indictment.    The said veteran statute expressly prohibits the removal of a veteran except for cause shown after a hearing, but imposes no punishment for a violation thereof.    But section 155 of the Penal Code provides that, "where the performance of any act is prohibited by a statute, and no penalty for the violation of such statute is imposed by any statute, the doing such act is a misdemeanor."    This general provision covers the unlawful removal of veterans by a public officer, and makes it a general misdemeanor, which is made punishable by imprisonment not exceeding one year, or fine not exceeding $500, or both.    Pen. Code, § 15. While no such criminal prosecution has yet been had for violation of the veteran statute, like criminal prosecutions have been sustained in similar cases.    Gardner v. People, 62 N. Y. 299; People v. Norton,

7 Barb. 477. So many veterans have had to apply to this court for reinstatement during the last two years that it is deemed timely not to pass unnoticed the plaintiff's claim of a wrongful removal. Motion denied.