PEOPLE ex rel. YOUNG v. COLLIS, Commissioner of Public Works.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

MANDAMUS—TO REINSTATE OFFICER REMOVED—LACHES.
    A relator will not be reinstated by mandamus in a public position from which he was removed, and to which his successor was appointed, more than four months before his application was made.

Appeal from special term, New York county.

Application by Joseph A. Young for a writ of mandamus to Charles H. T. Collis, commissioner of public works of the city of New York. A peremptory writ was granted, and the respondent appeals. Reversed.

The relator was appointed in 1891, by the then commissioner of public works, inspector of street openings to be made by the Equitable Gaslight

Company. He was an honorably discharged veteran sailor. He was discharged by the present commissioner of public works, August 23, 1895, and another man was appointed in his place. December 27, 1895, the relator demanded that the present commissioner of public works reinstate him in the office. December 31, 1895, he made his affidavit, and served notice of the motion upon which the order appealed from was made. This was more than four months after his discharge.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Terence Farley, for appellant.

Thomas F. Byrne, for respondent.

WILLIAMS, J. Without considering or determining the other questions raised upon this appeal, it seems to us the order appealed from should not have been made by reason of the delay and laches on the part of the relator in demanding reinstatement in the office from which he had been discharged, and in applying for a mandamus to compel such reinstatement.

In People v. Justices of the Court of General Sessions, 78 Hun, 334, 29 N. Y. Supp. 157, this principle of laches was held, Mr. Justice Van Brunt, in his opinion, saying:

"Without considering any of the questions which are attempted to be presented on this appeal, we think the motion was rightly denied upon the ground of laches. The relator was discharged on the 31st day of March, 1893, and waited eight months before making an application for reinstatement. In respect to writs of certiorari, the statute of limitations is four months (Code Civ. Proc. § 2125); and we see no reason why a party claiming the office of the court by way of mandamus to reinstate him in a position from which he claims to have been unjustly discharged should be allowed to wait an indefinite time before asking for the enforcement of his rights by this summary proceeding. If the relator claimed to have been unjustly removed, it was his duty to proceed with diligence, in order that the respondents might have been apprised of the claim advanced. * * * We do not think this summary writ should be issued at this late day."

This case has been followed in Re Vanderhoff, 15 Misc. Rep. 434, 36 N. Y. Supp. 833, and by the judges at special term in the First department.

It is manifestly unfair, when there is disagreement as to the propriety or legality of the discharge, that the relator should lie still, and allow another person to occupy the position from which he has been removed, and draw the pay for his services therein, and, after more than four months has elapsed, that he should be allowed to have this remedy by mandamus to be reinstated in the office, and recover compensation for services therein which he has not performed, and which he has for a long time, without objection, permitted another person to perform, and be paid for.

The order appealed from should be reversed, with costs of this appeal, and the motion be denied, with $10 costs. All concur.