In the Matter of the Application of CLARK H. McDONALD, Superintendent of the Harlem River Driveway in the Department of Parks, City of New York, for a Writ of Alternative Mandamus.

CLARK H. McDONALD, Appellant; GEORGE C. CLAUSEN and the DEPARTMENT OF PARKS IN THE CITY OF NEW YORK, Respondents.

*Veteran discharged by his office being abolished in bad faith* — laches *in making application for a mandamus.*

An application for an alternative writ of mandamus against the park commissioner and the department of parks in the city of New York by a discharged Union soldier, whose office of superintendent was abolished for the sole purpose of thus indirectly removing him therefrom, will not be denied because of

*laches*, where it appears that, although the relator was notified on the 14th day of February, 1898, that the position was abolished, his application for the writ was not initiated until the 22d day of August, 1898, such delay being explained by the fact that he had no reason, until the 1st day of May, 1898, to doubt that the position had been in good faith abolished, after which date inquiry had to be made as to whether the position, once actually abolished, had merely been revived, or whether, in fact, it had never ceased to exist, it being necessary in the former case for the relator to establish his right to an original preference, and in the latter to a restoration to his position.

APPEAL by the relator, Clark H. McDonald, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of September, 1898, denying his motion for an alternative writ of mandamus directed to President George C. Clausen, park commissioner for the boroughs of Manhattan and Richmond in the city of New York, and the Department of Parks in the City of New York, commanding them to reinstate the relator in the position of superintendent of the Harlem River Driveway.

*George F. Langbein,* for the appellant.

*Theodore Connoly* and *Terence Farley,* for the respondents.

BARRETT, J. :

The respondents concede, as indeed the papers clearly show, that there was a square question of fact as to whether the abolition of the office was a sham, contrived for the purpose of indirectly removing the relator. It is also conceded, as the result of that issue, that an alternative mandamus should have issued but for the alleged *laches* of the relator in making his application. The sole question now presented, therefore, is whether there was such *laches* as justified the Special Term in denying the alternative writ.

The relator, an honorably discharged Union soldier, duly appointed as superintendent of the Harlem River Driveway, and serving as such, was notified on the 14th day of February, 1898, that the position was abolished, and that his services as such superintendent were no longer required. His application for the writ was initiated on the 22d day of August, 1898. The respondents contend that delay in moving for more than six months after the discharge was

inexcusable *laches*. And they cite in support of their contention the cases of *People ex rel. Miller* v. *Justices* (78 Hun, 334), and *People ex rel. Young* v. *Collis* (6 App. Div. 467). These cases do not lay down any hard and fast rule upon the subject. They refer to the statutory limitation of four months with respect to writs of certiorari, and suggest, by way of analogy, that judicial discretion in mandamus should not ordinarily be exercised, in cases like the present, in favor of a city employee who fails to present his grievance for a like period. There is no such statutory limitation with respect to the writ of mandamus, and, while an unexplained delay of over four months may in general be deemed *laches* in this class of cases, yet each case must depend upon its own special facts and circumstances. Here the relator gives full and adequate explanation of the cause of his own non-action down to the 1st day of May, 1898. Until the latter date, he had no reason to doubt that the position had been in good faith abolished. He believed, and he was fully justified in believing, that he had no grievance on the subject. Upon the latter date, however, he learned that the respondents had appointed another person to fill the very position which he was previously told had been abolished. The delay in moving thereafter was of but three months and twenty-two days. Even that delay may well have resulted from the need of inquiry as to whether the position — once actually abolished — had merely been revived, or whether in fact it had never ceased to exist. In the former case he would have had to show his right to an original preference, and his mandamus would have been to compel a new preferential employment; in the latter case only would he have had a right to compel restoration to his position. With this question before him for accurate solution, he was still within the four months allowed to bring certiorari. For certainly he should not be charged with the period of natural inaction which preceded the appointment of another person to fill his place. It is well settled that in determining what will constitute an unreasonable delay, justifying the refusal of the writ of mandamus, "regard should be had to circumstances which justify the delay; to the nature of the case and the relief demanded, and to the question whether the rights of the defendant or of other persons have been prejudiced by such delay." (*People ex rel. Gas Light Company* v. *Common Council*, 78 N. Y. 56, 63. See, also,

*People ex rel. Millard* v. *Chapin,* 104 id. 102.) The delay of six months here has been fairly accounted for and explained; and the delay of less than four months was not unreasonable within any rule heretofore laid down by the Court of Appeals or this court.

The order appealed from should, therefore, be reversed, with costs, and the motion for an alternative writ of mandamus granted.

Van Brunt, P. J., Rumsey, Patterson and O'Brien, JJ., concurred.

Order reversed, with costs, and motion for alternative writ of mandamus granted.