### In re McDONALD.

(Supreme Court, Appellate Division, First Department. November 25, 1898.)

MANDAMUS—REMOVAL OF CITY EMPLOYE—APPLICATION FOR WRIT—LACHES.
  Where a city office is temporarily abolished in order to remove the incumbent, an application by him for a writ of alternative mandamus, brought more than six months after his discharge, but less than four months after the bad faith was made manifest by the re-establishment of the office, should not be denied on account of laches.

Appeal from special term.

Clark H. McDonald was removed from the office of superintendent of the Harlem river driveway by a temporary abolition of the office, and brought application for a writ of alternative mandamus. Application denied, and relator appeals. Reversed, and writ granted.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

George F. Langbein, for appellant.
Theodore Connoly and Terence Farley, for respondents.

BARRETT, J. The respondents concede—as, indeed, the papers clearly show—that there was a square question of fact as to whether the abolition of the office was a sham, contrived for the purpose of indirectly removing the relator. It is also conceded, as the result of that issue, that an alternative mandamus should have issued, but for the alleged laches of the relator in making his application. The sole question now presented, therefore, is whether there was such laches as justified the special term in denying the alternative writ. The relator, an honorably discharged Union soldier, duly appointed as superintendent of the Harlem river driveway, and serving

as such, was notified on the 14th day of February, 1898, that the position was abolished, and that his services as such superintendent were no longer required. His application for the writ was initiated on the 22d day of August, 1898. The respondents contend that delay in moving for more than six months after the discharge was inexcusable laches, and they cite in support of their contention the cases of People v. Justices of Court of General Sessions, 78 Hun, 334, 29 N. Y. Supp. 157, and People v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 698. These cases do not lay down any hard and fast rule upon the subject. They refer to the statutory limitation of four months with respect to writs of certiorari, and suggest, by way of analogy, that judicial discretion in mandamus should not ordinarily be exercised, in cases like the present, in favor of a city employé who fails to present his grievance for a like period. There is no such statutory limitation with respect to the writ of mandamus, and, while an unexplained delay of over four months may, in general, be deemed laches in this class of cases, yet each case must depend upon its own special facts and circumstances. Here the relator gives full and adequate explanation of the cause of his own nonaction down to the 1st day of May, 1898. Until the latter date, he had no reason to doubt that the position had been in good faith abolished. He believed, and he was fully justified in believing, that he had no grievance on the subject. Upon the latter date, however, he learned that the respondents had appointed another person to fill the very position which he was previously told had been abolished. The delay in moving thereafter was of but 3 months and 22 days. Even that delay may well have resulted from the need of inquiry as to whether the position—once actually abolished—had merely been revived, or whether in fact it had never ceased to exist. In the former case he would have had to show his right to an original preference, and his mandamus would have been to compel a new preferential employment. In the latter case only would he have had a right to compel restoration to his position. With this question before him for accurate solution, he was still within the four months allowed to bring certiorari; for certainly he should not be charged with the period of natural inaction which preceded the appointment of another person to fill his place. It is well settled that in determining what will constitute an unreasonable delay justifying the refusal of the writ of mandamus "regard should be had to circumstances which justify the delay, to the nature of the case and the relief demanded, and to the question whether the rights of the defendant or of other persons have been prejudiced by such delay." People v. Common Council of City of Syracuse, 78 N. Y. 56, 63. See, also, People v. Chapin, 104 N. Y. 102, 10 N. E. 141. The delay of six months here has been fairly accounted for and explained, and the delay of less than four months was not unreasonable within any rule heretofore laid down by the court of appeals or this court.

The order appealed from should therefore be reversed, with costs, and the motion for an alternative writ of mandamus granted. All concur.