(27 Misc. Rep. 160.)

PEOPLE ex rel. McDONALD v. LANTRY.

(Supreme Court, Special Term, New York County. April 21, 1899.)

CIVIL SERVICE—OFFICERS—REINSTATEMENT—MANDAMUS—LACHES.
     A delay of four months after a wrongful removal from an office subject to the 1898 civil service amendment, before bringing mandamus to compel a reinstatement, is fatal, where the only explanation thereof is that the relator awaited some final judicial utterance as to whether the amendment applied to the city of New York, but where, as a matter of fact, the weight of authority was against him when he commenced his proceeding, and had been so for more than six weeks previous thereto.

Motion by the people of the state of New York, on the relation of Robert McDonald, against Francis J. Lantry, commissioner of correction of the city of New York, for a writ of mandamus. Denied.

Samuel H. Ordway and Stickeny, Spencer & Ordway, for relator.

Theodore Connoly and John Whalen, Corp. Counsel, for respondent.

GIEGERICH, J. The relator was removed from his position as keeper in the department of correction of the city of New York, without a hearing, to which, in view of the regulations of the municipal civil service commissioners classifying such position as subject to competitive examination, he was entitled, under chapter 186 of the Laws of 1898, amending the general civil service law (Laws 1883, c. 354), an enactment which has lately been held to apply to the city of New York in the case of People v. Dalton, 158 N. Y. 175, 52 N. E. 1113. His removal took place on the 31st day of March, 1898, and this proceeding for reinstatement by mandamus was commenced on the 18th day of August, 1898, more than four months after the date of the removal. Assimilating to proceedings of this nature the statutory provision limiting the time within which an application for a writ of certiorari may be made, the courts have held that a delay of four months is fatal, unless satisfactorily explained. People v. Justices of Court of General Sessions, 78 Hun, 334, 29 N. Y. Supp. 157; People v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 698; In re McDonald, 34 App. Div. 512, 54 N. Y. Supp. 525. The explanation given by the relator is that, owing to the difference of opinion as to whether the law of 1898, referred to, applied to this city, he awaited some final judicial utterance upon the subject; but, as a matter of fact, the weight of authority when he commenced his proceeding was against him, the appellate division of this department having held that the act in question did not apply (People v. Keller, 31 App. Div. 248, 52 N. Y. Supp. 950), and the special term of Kings county having held that it did, in People v. Dalton, 24 Misc. Rep. 88, 53 N. Y. Supp. 291. This condition of authority existed for more than six weeks before the commencement of the proceeding, which was not based upon any new developments as to the relator's rights; and therefore no reason is apparent from this state of facts, for the failure to bring such proceeding within four months, in accordance with the rule stated. Application denied, with $10 costs.