PEOPLE ex rel. McDONALD v. LANTRY.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

CIVIL SERVICE—OFFICERS—REMOVAL—REINSTATEMENT—LACHES.
    Civil service laws, as amended by Laws 1898, c. 186, § 13, declares that no person shall be removed from service without reasons for such removal being reduced to writing and filed with the head of the department, and without giving the person so removed an opportunity to explain the charges. *Held*, that where relator, holding a civil service position, was removed on the day the amendment went into effect, the fact that he delayed bringing mandamus proceedings for four months and eighteen days to compel his reinstatement, which delay beyond the customary four months was caused by his waiting for a judicial decision as to whether the amendment applied to New York City in a case then pending, was not such laches as would justify the court in refusing relief.

Appeal from special term, New York county.

Application by the people, on relation of Robert McDonald, for mandamus against Francis J. Lantry, commissioner of correction of New York City, to compel relator's reinstatement as an officer of such department. From an order denying the application (57 N. Y. Supp. 770), relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Samuel H. Ordway, for appellant.
Theodore Connoly, for respondent.

McLAUGHLIN, J. Chapter 186 of the Laws of 1898, which went into effect on the 31st of March of that year, provides, among other things, that if a person holding a position subject to a competitive examination in the civil service of the state, or of a city, shall be removed, the reason for such removal shall be stated in writing, and filed with the head of the department or other appointing officer, and the person so removed shall have an opportunity to make an explana-

tion. The relator, at the time this statute took effect, held the position of keeper in the department of correction of the city of New York, and he was thereafter removed from such position by the commissioner of correction of the city, without any reasons being stated and filed, and without being given an opportunity to make an explanation. On the 18th of August, four months and eighteen days after the statute took effect, the relator applied for a peremptory writ of mandamus to compel the commissioner of correction to reinstate him in his former position. It seems to have been conceded upon the argument of the motion, as it was upon the argument before this court, that the position which the relator held at the time of his removal came within the provisions of the statute; but his application was nevertheless denied, as appears from the order appealed from, upon the ground that the relator "was guilty of laches in waiting for more than four months before commencing this proceeding." There is no statutory limitation within which an application for a writ of this character must be made, but the court, exercising the discretion which it has as to the issuance of the writ, has heretofore held that inasmuch as it is in some respects analogous to a proceeding to review by writ of certiorari, the limitation there applicable should be applied (People v. Justices of Court of General Sessions, 78 Hun, 334, 29 N. Y. Supp. 157; People v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 698; In re McDonald, 34 App. Div. 512, 54 N. Y. Supp. 525); and that, when the application is not made within four months, it should be denied, unless the delay is satisfactorily explained. But we think the delay in this case was satisfactorily explained. The facts stated by the relator as the cause of the delay on his part were not denied, and they were such as might well induce any reasonable person to do just what he did. As I have said, he was removed on the 31st of March, 1898, the very day that chapter 186, above referred to, went into effect. Immediately the question arose as to whether or not the act was applicable to the city of New York, and on this question there was a diversity of opinion; the corporation counsel of the city of New York, on the 17th of May, 1898, officially expressing the opinion that it did not apply to the city, and the attorney general of the state, on the 22d of June, 1898, officially expressing the opinion that it did. Nor were the courts agreed on the subject. People v. Dalton, 24 Misc. Rep. 88, 53 N. Y. Supp. 291; People v. Keller, 31 App. Div. 248, 52 N. Y. Supp. 89. In the former case the special term held that it did apply to the city, and in the latter the appellate division of this department held that it did not apply. This was the situation at the expiration of four months from the date of the relator's removal. The moving papers showed that the relator had knowledge of these facts, and also that an appeal in the Leete Case had been taken to, and was then pending in, the court of appeals. The moving papers also showed that the relator had been advised to wait, before instituting this proceeding, until after the law had been finally settled by the court of appeals in the appeal then pending. But after waiting eighteen days he ascertained that the appeal pending in the court of appeals would not be argued in that court until some time during the fall of 1898, and he then im-.

mediately decided to and did make his application for reinstatement.

Can it be fairly said that a delay of eighteen days, under the circumstances recited, was unreasonable? We think not. The rule applying a four-months limitation to proceedings of this character is not a hard and a fast one, to be applied in every case without exception. Each case must necessarily depend upon, and be determined by, its own peculiar facts and circumstances. The relator, immediately on ascertaining that the question would not be passed upon by the court for several months, made his application for reinstatement. This satisfactorily explained the delay of eighteen days. He was illegally removed from the position which he held, and, having satisfactorily explained the delay in bringing this proceeding, he was entitled to reinstatement, and for that purpose the writ should have issued.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the writ granted, with $50 costs. All concur.