(33 Misc. Rep. 359.)

## McDOWELL v. DALTON, Com'r.

(Supreme Court, Special Term, New York County. December, 1900.)

1. MANDAMUS—APPLICATION—DELAY—EXCUSE—BURDEN OF PROOF.
      Where relator did not file an application for mandamus to compel reinstatement in office until two years and four months after his discharge, the burden was on him to show an excuse for the delay.

2. SAME—ADVICE OF COUNSEL.
      The fact that relator was advised by counsel that there was no limitation to the time of bringing mandamus proceedings, and that the law regulating removals from office was in an unsettled condition, and that it would be wise to await the decision of a similar application which

was pending, was not sufficient to excuse a delay of two years and four months before bringing an action for reinstatement.

Application for a peremptory writ of mandamus by William H. McDowell to compel William Dalton, commissioner of water supply, to reinstate relator as foreman in the water department. Application denied.

Roger Foster, for petitioner.

John Whalen, Corp. Counsel (W. B. Crowell, of counsel), for respondent.

FITZGERALD, J. This is a petition for a peremptory writ of mandamus requiring the respondent to reinstate the petitioner as foreman of Company 4 in the department of water supply, and certify his name upon the pay roll, or, in case said relief be denied, that an alternative writ of mandamus issue. It appears that the petitioner was duly appointed foreman in the department of public works of the city of New York, as such city then existed on September 7, 1895, and assigned to the bureau of the water purveyor. Conformably to provisions of section 1536, c. 378, of the Laws of 1897 (charter of Greater New York), he (petitioner) was assigned to the same relative rank and position previously held by him in the department of public works of the former city. On March 15th following, petitioner was dismissed; and he alleges that such dismissal was for political reasons, in violation of section 124 of the charter. This allegation regarding the cause of removal is distinctly denied in the answering affidavits, and, for the purpose of an application for a peremptory writ of mandamus, these denials must be taken as true. Haebler v. Produce Exchange, 149 N. Y. 414, 44 N. E. 87. So that the remaining proposition, as to whether or not an alternative writ should issue, is all that remains to be disposed of. When it is borne in mind that petitioner was discharged on March 15, 1898, and that these motion papers were not served until July 11, 1900, or a period of over two years and four months thereafter, it will be seen that a serious question of laches arises. To relieve himself from these laches, by showing an excuse for the delay, the burden is on the petitioner. People v. Welde, 28 Misc. Rep. 582, 59 N. Y. Supp. 1030. The excuse offered is set forth in the petition, and is, substantially, that subsequent to his dismissal petitioner retained a lawyer, who informed him that there was no limitation of time to bring a mandamus proceeding, and that the law concerning the remedies for persons unlawfully removed from the civil service of the city of New York was in an unsettled condition, and that it would be wise to postpone the taking of any action in the matter until the law had first been settled by adjudications. The first part of this alleged advice, that the time to institute proceedings was unlimited, was manifestly unsound. People v. Justices of Court of General Sessions, 78 Hun, 334, 29 N. Y. Supp. 157; People v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 698. And, as to the second suggestion, it will be remembered that the uncertainty regarding the condition of the law mainly existed from the time of the passage of

chapter 186, Laws 1898, until its final judicial construction by the court of appeals in People v. Dalton, 158 N. Y. 175, 52 N. E. 1113. Petitioner having been dismissed 15 days before the passage of the act in question (March 31, 1898), it is difficult to perceive how uncertainties arising under this law could affect his status. It is further recited in substance by the petitioner that he was informed by his attorney that the case of one Severin Warschauer was in many respects similar to his, and that it would be prudent for him to await the final determination of that proceeding. Warschauer was not discharged until June 11, 1898, long after petitioner's dismissal; and Warschauer's petition for mandamus was not verified until September 26, 1898, or six months later than the alleged wrongful discharge by the respondent herein. Conceding that this advice might offer some sort of excuse to be considered upon this application, it is evident that petitioner was guilty of laches long before such a conversation could have possibly taken place. People v. Justices of Court of General Sessions, and People v. Collis, supra; In re McDonald, 34 App. Div. 512, 54 N. Y. Supp. 525. Laches cannot be excused merely upon the ground that the party acted upon the advice of counsel. In People v. Keating, 49 App. Div. 123, 63 N. Y. Supp. 71, the learned justice writing the opinion of the court uses the following words: "The mere fact that he had been informed that the law was unsettled, and that he understood that some applications were pending undetermined, was not of itself sufficient." Upon a careful consideration of all the reasons presented upon this application, I cannot find that petitioner has sustained the burden that was upon him of excusing his delay, and for his laches it follows that the prayer for an alternative writ must also be refused. Application in all respects denied, with costs.

Application denied, with costs.