THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES J. MILLER, Respondent, v. THOMAS J. STURGIS, Fire Commissioner of the City of New York, Appellant.

*Mandamus to restore a member of the New York fire department to active service — a delay of a year and five months constitutes* laches *— limitation on the issues to be tried under an alternative writ.*

A peremptory writ of mandamus to restore to active duty a member of the fire department of the city of New York, who has been unlawfully retired upon a pension, should be denied on the ground of *laches*, where it appears that the relator, without excuse therefor, waited a year and five months before com-

---

* Laws of 1896, chap. 547.— [REP.

mencing the proceeding and that, during this time, he continued to draw his pension and another person filled his place.

*Quære,* whether the Special Term, when granting an alternative writ of mandamus, is at liberty to prescribe that only certain issues shall be tried thereunder.

APPEAL by the defendant, Thomas J. Sturgis, fire commissioner of the city of New York, from a final order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of February, 1902, granting a peremptory writ of mandamus directing the reinstatement of the relator as an active member of the uniformed force of the fire department of the city of New York, and also from an order entered in said clerk's office on the 19th day of February, 1902, denying defendant's motion for a new trial made upon the minutes.

*Walter Shaw Brewster* [*James McKeen* with him on the brief], for the appellant.

*Thomas F. Magner,* for the respondent.

WILLARD BARTLETT, J.:

This is an appeal from a final order granting a peremptory writ of mandamus directing the reinstatement of the relator as a member of the uniformed force of the fire department (formerly of Brooklyn but now) of the city of New York. Upon the original application for the writ it appeared that the applicant's rights depended upon questions of fact as well as questions of law, and the court at Special Term directed that an alternative writ issue. The order granting the alternative writ, however, prescribed that only two questions should be tried upon the return thereof: (1) Whether the relator was now physically able to perform the duties of a fireman; and (2) whether the relator assented to his retirement and acquiesced therein for such a length of time as to bar his right to be reinstated.

The propriety of the practice in thus limiting the issues to be tried upon an alternative writ of mandamus before the writ had been issued or any return thereto had been made, may well be doubted. The party defendant in such a proceeding is entitled to a trial of all the issues which he may raise by his return, and it is difficult to perceive on what theory he could be restricted in this

respect, but, in view of the conclusion which I have reached as to the disposition which must be made of the case on another point, it is not necessary to pass upon this objection to the regularity of the procedure.

The relator, being a member of the fire department in Brooklyn, was retired by the action of the fire commissioner and granted a pension of $550 per annum, to date from October 1, 1896. This action was taken on the ground that the relator was suffering from chronic rheumatism and was unable to perform the duties of a fireman. There was no determination, either by the statutory retiring board or by the fire commissioner, that he was permanently disabled, and, hence, under our decision in the case of *People ex rel. Shea* v. *Bryant* (28 App. Div. 480), the action of the commissioner in retiring the relator and placing him upon the pension roll would probably have been adjudged to be unauthorized, if a proceeding for his reinstatement had been promptly instituted. But, although the relator was retired in October, 1896, the present proceeding was not begun until September 19, 1899. During the intervening period the relator had been drawing his pension, and his delay in taking any steps for reinstatement would, if unexplained, make out such a case of *laches* as to prevent the courts from granting him any relief. Recognizing this fact, he has sought in the present proceeding to excuse that delay. On the trial of the alternative writ, it appeared that he protested against his retirement to the deputy fire commissioner at the time when his retirement took effect in October, 1896; that in March, 1897, he informed the same officer that his wrist, which had been injured, was well and that he desired to be reinstated; that in May, 1897, he met the fire commissioner in the street and inquired about the matter, and was told that the commissioner would put the matter before the doctor some time after election and see what could be done, and that in November, 1897, the relator saw the doctor, who told him that he could not get back. The delay is further sought to be accounted for by reason of the pendency of the *Shea Case* (*supra*). That case was finally determined by the Appellate Division in April, 1898; yet a year and five months elapsed after that decision was rendered before the present proceeding was commenced.

However reasonable or excusable the previous delays may have

been, I do not see how the relator could have been justified in con-
tinuing to draw his pension and take no action whatever toward
procuring a reinstatement during this last period.   It seems to me
that his inactivity for so long a time, under these circumstances,
should have led the court below, in the exercise of its discretion, to
refuse the writ on the ground of *laches*.   (*People ex rel. Young* v.
*Collis*, 6 App. Div. 467 ; *People ex rel. McDonald* v. *Lantry*, 48
id. 131.)

The cases cited held in substance that, although there is no statute
limiting the time within which application must be made for a per-
emptory writ of mandamus, the four months' limitation applicable
to a writ of certiorari will be applied in such cases, unless some
satisfactory explanation is afforded for delaying the application
beyond that period.   In the *Collis* case the delay was less than five
months, yet the Appellate Division held the relator to have been
guilty of *laches*.   In the *McDonald* case the relator, like the relator
here, delayed action on account of the pendency of a case involving
the same question in the appellate courts, having been advised to
wait before instituting the mandamus proceeding until after the law
had been finally settled by the Court of Appeals.   After waiting
eighteen days over the four months, and having ascertained that
the appeal pending in the Court of Appeals would not be argued
for several months, he immediately made his application for rein-
statement ; and the Appellate Division held that he had exercised
due diligence, and, having satisfactorily explained his delay, was
entitled to reinstatement.   A delay of eighteen days, however, is
very different from a delay of one year and five months ; and, as
was said by the General Term of the first department in *People ex
rel. Miller* v. *Justices, etc.* (78 Hun, 334), "we see no reason why a
party claiming the offices of the court by way of mandamus to rein-
state him into a position from which he claims to have been unjustly
discharged, should be allowed to wait an indefinite time before ask-
ing for the enforcements of his rights by this summary procedure."
As was suggested by Mr. Justice Williams, in *People ex rel. Young*
v. *Collis* (*supra*) : " It is manifestly unfair, when there is disagree-
ment as to the propriety or legality of the discharge, that the rela-
tor should lie still and allow another person to occupy the position
from which he has been removed, and draw the pay for his services

therein," and thereafter assert this remedy by mandamus to be followed by a suit for compensation for services which he has not himself performed. There is evidence in the present case that another person was subsequently assigned to duty as a fireman in the company to which the relator belonged, although it does not specifically appear that he took the relator's place in the company. I think it may fairly be assumed, from this item of evidence, however, that the relator's place has been filled by some one else ever since his retirement, and it is certain that the relator has continued to draw his pension during the whole period. Under all the circumstances, I think that this delay of one year and five months not only constitutes *laches* on his part, but may fairly be deemed an abandonment of his earlier protest against retirement and an acquiescence in the action of the fire commissioner which is operative to deprive him of his remedy by mandamus. I think the jury should have been directed so to find upon the trial of the issues which were submitted to them, and that the finding to the contrary was against the evidence.

For these reasons it seems to me that the order appealed from should be reversed, and the proceeding dismissed.

GOODRICH, P. J., HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Final order granting peremptory writ of mandamus and order denying motion for new trial reversed, with ten dollars costs and disbursements, and proceeding dismissed.