PEOPLE ex rel. CONNOLLY v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   June 15, 1906.)

1. MANDAMUS—LACHES.

A delay of nearly 16 months after his cause of action accrued constituted, in the absence of any explanation, such laches on the part of relator, appointed by the board of education of the city of New York as auditor of the board, and thereafter transferred without cause assigned to another position, as debarred him from reinstatement, even though he may have been entitled thereto had his application for mandamus compelling his reinstatement been promptly made.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, § 285.]

2. SAME—MOTION—PEREMPTORY WRIT—PLEADINGS.

On motion for a peremptory writ of mandamus, the allegations of the answer, in so far as they deny the allegations of the petition, are to be taken as true as to all matters concerning which no finding has been made on the trial on return of the alternative writ.

3. SAME—DEFENSES.

The fact that a motion to dismiss an alternative writ of mandamus, directing the board of education to show cause why relator should not be reinstated in his position as auditor of the board, was made on the ground of laches of relator in applying for the writ, did not preclude defendant board, it having interposed an answer, from pleading such laches as a defense, after denial of the motion to dismiss.

4. SCHOOLS AND SCHOOL DISTRICTS—BOARD OF EDUCATION—EMPLOYÉS—TRANSFER—REDUCTION OF SALARY—POWERS.

Under Greater New York charter, Laws 1901, p. 483, c. 466, § 1101, providing that all school officers or other employés appointed by the board of education before the act took effect should continue to hold their respective positions, etc., subject to change of title, etc., and subject to the right of the board of education to abolish unnecessary positions, the board has power, if a position becomes unnecessary, either to abolish it or to transfer the incumbent to some other position in the department; and hence the board had power, after creating the position of additional auditor, to remove an appointee thereto and transfer him to another department at a reduced salary, as fixed by the board of estimate and apportionment.

5. SAME—PREFERMENT OF CHARGES—PASSAGE OF RESOLUTION ABOLISHING POSITION—NECESSITY.

The board of education of the city of New York may dispense with the services of a teacher or any of its clerical force, if they are unnecessary, without the preferment of charges against the incumbent and without passing a resolution formally abolishing the position.

Appeal from Special Term, New York County.

Mandamus by the people, on the relation of Louis C. Connolly, against the board of education of the City of New York.   From an

99 N.Y.S.—47

order directing the issuance of a peremptory writ of mandamus, defendant appeals. Reversed.

See 99 N. Y. Supp. 1.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, and HOUGHTON, JJ.

Theodore Connoly, for appellant.
Thomas F. Gilroy, for respondent.

McLAUGHLIN, J. On the 9th day of May, 1900, the board of education of the city of New York created three positions known as "Auditors of the Board of Education," and fixed the salary of each at $4,500 per year. On the 9th of July, following, the relator was appointed by the board to one of the positions, for a period of six months. He entered upon and thereafter continued to discharge the duties of his position until the 9th of January, 1901, when he was elected by the same board to the same position, at the same salary, for the period of six years, and he discharged the duties of such until the 19th of February, 1902, when, without any charges being made against him, and without having any opportunity to make an explanation, and without any reason being assigned therefor in the notice to him, he was transferred from the position of auditor to the position of accountant in the bureau of buildings in the board of education, at a salary of $2,100 per year, but the transfer did not take place until March 21, 1902. The position from which the relator was transferred was in the classified civil service of the city of New York in the competitive class, and he had duly complied with the statutes and the rules of the municipal civil service commission. The relator demanded that the board of education reinstate him in his former position of auditor. The demand was refused, and he thereupon applied for and obtained ex parte an alternative writ of mandamus, which the board moved to vacate. The motion was denied, and a return then filed to the petition. Upon the issue raised by the petition and return, a trial was had, and the jury to whom the issues were submitted found as facts, among others, in addition to those already stated, that the matter of the relator's retention in the auditor's office was, prior to his transfer, referred to a committee of the board of education, which reported that the auditor's office was formerly under the control of one auditor, but that on the 9th of May, 1900, the board amended its by-laws so as to provide for three auditors, and that one of the additional positions was filled, on July 9th, 1900, by the election of the relator; that, in the judgment of the committee, there should be "but one head of any bureau of this board, and the head should be held strictly responsible. Without reflecting in any way on the integrity or capacity of the junior auditor, we believe that his services are unnecessary, and that good policy demands his transfer to another bureau. We therefore recommend that Mr. Connolly be transferred to the position of accountant in the bureau of buildings formerly held by him"—that the recommendation of the committee was subsequently adopted by the board and the transfer made; that the municipal civil service commission approved the transfer, and the board of estimate and apportionment of the city thereafter fixed the salary of the

relator at $2,100 a year as an accountant in the bureau of buildings in the board of education. The record on appeal also shows that there was an interval of nearly 16 months between the date of the alleged wrong and the institution by the relator of legal proceedings to right the same, and neither the petition for the writ nor the findings at the trial contained any excuse for the delay. Upon the petition and return thereto, the alternative writ, findings of the jury, and the exceptions of the defendant, the relator moved for a peremptory writ of mandamus directing the board of education to reinstate him in the position which he formerly held as auditor. The motion was granted, and from this order the board appeals.

I am of the opinion that the motion for a peremptory writ of mandamus should have been denied. A delay of nearly 16 months, in the absence of any explanation, constitutes such laches on the part of the relator that he was not entitled to the relief sought, even though he would have had a legal right to be reinstated had he promptly made his application. In People ex rel. Young v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 698, it was held, where an honorably discharged veteran claimed to have been improperly removed from his position, that he was guilty of laches, inasmuch as he had allowed more than four months to elapse before applying for a mandamus to compel his reinstatement. In People ex rel. Croft v. Keating, 49 App. Div. 123, 63 N. Y. Supp. 71, it was held that the failure of a veteran to institute a mandamus proceeding until nine months after his removal was fatal, unless satisfactorily explained. The Collis Case was cited with approval in People ex rel. Miller v. Sturgis, 82 App. Div. 580, 81 N. Y. Supp. 816, where an order directing the issuance of a peremptory writ of mandamus to restore the relator to a position in the fire department was reversed, upon the ground that the relator was guilty of laches; he having waited for a year and five months before instituting the proceeding, and no excuse being presented for the delay.

Here, the return to the petition alleged that the relator's cause of action set out in his petition did not accrue within four months before the institution of the proceeding, and in addition alleged that he was guilty of laches, in that he had neglected to begin his proceeding until a period of 16 months had elapsed after his cause of action accrued, and no facts were stated showing any reason for the delay. When the motion was made for a peremptory writ, the allegations of the answer, in so far as they denied the allegations of the petition, had to be taken as true as to all matters concerning which no finding had been made. People ex rel. Corrigan v. Mayor, 149 N. Y. 215, 43 N. E. 554; People ex rel. Croft v. Keating, supra. But it is urged that the motion to dismiss the alternative writ was made on the ground of laches, and therefore that question could not be again raised. It is impossible to determine just why that motion was denied. It may have been upon several grounds. It certainly cannot be said, upon the record now before us, to have been upon that ground. But, whether it was or not, it did not preclude the defendant, it having interposed an answer, from pleading it as a defense, and, that issue having been thus raised, the burden was upon the relator to explain the delay, and in this,

so far as appears, he utterly failed. The motion, therefore, for the peremptory writ of mandamus should have been denied on this ground.

I am also of the opinion that the board of education acted within its powers when it transferred the relator, and that the board of estimate and apportionment acted within its powers when it fixed his salary at $2,100 per year. Section 1101, Greater New York Charter (Law 1901, p. 483, c. 466). It must be that the board of education has the power, if a position becomes unnecessary, either to abolish it or transfer the person holding the same to some other position in the department. Here, there is not even a suggestion that the relator's transfer was due to any personal dereliction of duty, to bad faith, or to anything except for the good of the service, and in the interest of economy. The resolution making the transfer was unanimous, as was also the report of the committee. In addition to this, it appears that at the present time there is only one auditor in the board of education, and that the person occupying that position has held the same continuously since March, 1898, a time prior to the relator's appointment. It matters not what the resolution may be termed. It, in effect, abolished the position occupied by the relator, and this the board had a right to do; the same having become unnecessary. The board of education may dispense with the service of a teacher or any of its clerical force, if they are unnecessary, without the preferment of charges against the person filling such position, or without passing a resolution formally abolishing the position. Matter of Cusack v. Board of Education, 174 N. Y. 136, 66 N. E. 677.

For these reasons, the order directing the issuance of a peremptory writ of mandamus should be reversed, with $10 costs and disbursements, and the motion for such writ denied, with $10 costs. All concur.

---

### In re ARNOLD.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. ADMINISTRATORS—APPOINTMENT—JURISDICTION OF PROBATE COURTS.

