In the Matter of the Application of MARK D. WILLIAMS, Respondent, for an Order of Mandamus against BERNE A. PYRKE, as Commissioner of Agriculture and Markets, Appellant.*

Fourth Department, October 7, 1931.

*Henry S. Manley,* for the appellant.

*William A. Fox [Frederick F. Grotz* of counsel], for the respondent.

EDGCOMB, J. The petitioner, after passing the required civil service examination, was appointed veterinarian in the State Department of Farms and Markets on the 16th day of April, 1926. He served in that capacity until January 2, 1929, when he was removed. He claims that his discharge was illegal, and upon his application an alternative order of mandamus has issued directing the Commissioner of Agriculture and Markets to reinstate him to the position from which he was removed, and to pay him his salary from the date of his removal, or to show cause why the command of such order should not be obeyed.

The Commissioner of Agriculture and Markets moved to strike out certain allegations of the petition as scandalous and irrelevant. This motion was denied.

An appeal has been taken by the Commissioner of Agriculture

* Revg. 140 Misc. 118.

and Markets from each of the above-mentioned orders. Both appeals have been brought on for hearing at the same time.

Section 22 of the Civil Service Law (as amd. by Laws of 1924, chap. 612, and Laws of 1930, chap. 214) gives to persons whose rights have been prejudiced by removal from office contrary to the provisions of the section, a remedy in the form of a writ [now order] of mandamus. Honorably-discharged soldiers, sailors and marines and volunteer firemen are especially protected from discharge. The petitioner does not come within that class. Subdivision 2 of the section applies to removals generally, and is applicable here. It provides that an officer or employee, holding a position in the competitive class of the civil service of the State, or any civil division or city thereof, shall not be removed except for reasons stated in writing, and that the person whose removal is sought shall be given notice of such proposed removal, and of the reasons therefor, and that he shall be furnished with a copy of any charges preferred against him, and that he shall be allowed a reasonable time to answer the same in writing.

In our opinion it is unnecessary to consider the merits of this application, because the petitioner has, without reason or excuse, slept upon his asserted rights for so long a time that his laches bars any relief to which he might otherwise be entitled.

While the statute is silent as to the time within which a writ or order of mandamus must be applied for, the rule is well settled that one who has been discharged from the public service must promptly assert his right to be reinstated, or he will be prevented by his delay from so doing. (*People ex rel. Miller* v. *Justices, etc.*, 78 Hun, 334; *People ex rel. Vanderhoof* v. *Palmer*, 3 App. Div. 389; *People ex rel. Young* v. *Collis*, 6 id. 467; *People ex rel. Throckmorton* v. *McCartney*, 28 id. 138; *Matter of Knapp* v. *Duffey*, 169 id. 794.)

The reason for this rule is stated by WILLIAMS, J., in *People ex rel. Young* v. *Collis* (*supra*) as follows: " It is manifestly unfair, when there is disagreement as to the propriety or legality of the discharge, that the relator should lie still and allow another person to occupy the position from which he has been removed, and draw the pay for his services therein, and after more than four months have elapsed that he should be allowed to have this remedy by mandamus to be reinstated in the office, and recover compensation for services therein which he has not performed, and which he has for a long time without objection permitted another person to perform and be paid for."

We might also add that the reinstatement of an employee long after his discharge is not conducive to efficient service. Again, a discharged employee, who was finally successful in bringing about his reinstatement, could profit very materially if he was permitted

to delay proceedings for a restoration of his office while he was earning a good salary on the outside, and then, if successful, receive his back pay from the date of his discharge to the date of his reinstatement, and keep what he had already earned in the meantime. This would not be fair to the public.

While there is no statutory limitation of time within which an order of mandamus may issue, the four months' limitation for a certiorari order to review a determination (Civ. Prac. Act, § 1288) has been held by analogy to apply. If application for the order of mandamus is not made within that period, it should be denied, unless the delay is satisfactorily explained. (*People ex rel. McDonald* v. *Lantry*, 48 App. Div. 131; *People ex rel. Finn* v. *Greene*, 87 id. 346, 350; *People ex rel. Collins* v. *Ahearn*, 120 id. 95, 98; *People ex rel. City of Tonawanda* v. *Fitzhenry*, 170 id. 227, 229.)

Here the petitioner was discharged on January 2, 1929. He took no proceeding to secure his reinstatement until this motion was made on March 3, 1931, two years and two months after his dismissal. Notwithstanding his long delay and his failure to perform any services for the State during this period, he asks that he be given full pay for all this time. He offers no excuse for his failure to assert his rights, if he ever had any. The answering affidavits show that over a year after his discharge some letters passed between the department and certain attorneys acting for petitioner relative to reinstatement, but so far as the department is concerned, no hopes whatever were held out to petitioner that he would ever be reinstated, or that the decision to let him go would be reconsidered. Petitioner was not deceived or lulled to sleep by any promise or suggestion that he might eventually get his position back. No litigation was pending which involved any legal aspect of the right of the Commissioner to discharge the petitioner. No excuse for petitioner's long delay in asserting his alleged rights is forthcoming. We think that this application was made altogether too late, and that the petitioner's laches closes the door to any relief which he might have had, if in fact he ever had any.

In view of the conclusion which we have reached, the question involved in appellant's motion to strike out certain allegations of the petition as scandalous and irrelevant becomes academic, and the appeal from that order should be dismissed.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Order granting alternative mandamus reversed on the law and facts, with costs, and motion denied, with fifty dollars costs and disbursements. Appeal from order denying appellant's motion to strike out certain allegations in the petition dismissed, without costs, as academic, in view of the decision made on the main appeal herewith.