In the Matter of the Application of DAVID W. UPHOFF, Appellant, for a Mandamus Order against CARROLL J. ROBERTS and Others, as Members of the Board of Health of the City of Buffalo, and Another, Respondents.

Fourth Department, May 8, 1935.

*Gilbert J. Pedersen,* for the appellant.

*Gregory U. Harmon* [*John E. Livermore* of counsel], for the respondents.

PER CURIAM. The petitioner, in his petition, prayed for peremptory mandamus to which he was not entitled, as the pleadings presented an issue of fact. The petition alleges, and the answer denies, that petitioner was discharged from his position for purely political reasons. The main question argued on this appeal is whether or not petitioner has excused his delay in commencing this proceeding. This court has held that a delay beyond four months calls for an excuse. (*Matter of Williams* v. *Pyrke*, 233 App. Div. 345.) Petitioner's excuse is that a case, in all respects like the instant case, has been making its way through the courts and up to the Court of Appeals, in which court it is about to be argued. We do not intend to relax the rule that an unexcused delay of more than four months in commencing a mandamus proceeding is presumably fatal to its prosecution. But, in the instant case, we think the delay of some nine months has been explained and excused. (*Matter of McDonald*, 34 App. Div. 512; *People ex rel. McDonald* v. *Lantry*, 48 id. 131; *People ex rel. Strahan* v. *Feitner*, 49 id. 101; *People ex rel. Warschauer* v. *Dalton*, 52 id. 371; *People ex rel. Ehrlich* v. *Grant*, 61 id. 238.) To be sure, some of the above cited authorities are cases in which the relators were excused from laches because the test cases, the final outcome of which they were awaiting, were decided, in the lower and intermediate courts, adversely to the interests of the relators, and they moved as soon as the results of the test cases gave them assurance of success. In the instant case the petitioner has been awaiting the final decision of *Matter of Merriweather* v. *Roberts* (242 App. Div. 458), in which, thus far, the decision has been favorable to the petitioner's claim. We fail to see any essential distinction. It is asserted, without contradiction, that numerous cases, like the instant one, though commenced promptly, are, at the request of respondents, being held awaiting the final outcome of the *Merriweather* case. It is not unreasonable to suppose that even though this proceeding had been commenced promptly, it would have fallen among those the prosecution of which respondents would have sought to delay awaiting the result of the *Merriweather* case.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed on the law and facts, without costs, and motion granted for an order of alternative mandamus, without costs.