## Menge v. City of Philadelphia et al. No. 1

*Fred C. Gartner* and *Herbert Welty,* for plaintiff.

*James F. Ryan,* assistant city solicitor, for defendants.

BROWN, J., July 14, 1939.—This case is before us on a writ of alternative mandamus, return thereto, and demurrer to the return.

Plaintiff has been connected with the Bureau of Police of Philadelphia since his appointment to the position of patrolman in 1913. After various promotions and demotions, he was reinstated to the rank of captain of police on June 15, 1934, at a salary of $2,800 per year. On March 3, 1937, he was notified by a letter from Andrew J. Emanuel, Director of the Department of Public Safety, one of the defendants, that it was intended to demote him to the rank of street sergeant, at a salary of $2475 per year, because he had "failed to exhibit the necessary qualifications as to discipline and efficiency required of a Captain." On March 6, 1937, plaintiff replied, setting forth his record, requesting reconsideration of the intended demotion, and concluding with the statement that "should I be demoted I will give you, the Superintendent and the Mayor my honest support as a Police Officer." On March 31, 1937, plaintiff received notice of his demotion to the rank of street sergeant. On April 12, 1937, a certificate of his demotion was sent to the City Controller by the members of the Civil Service Commission (who had been appointed under the Act of March 30, 1937, P. L. 158, which was subsequently declared unconstitutional).

On April 21, 1939, plaintiff filed a petition for writ of alternative mandamus, in which he averred that his demotion was in violation of the second paragraph of section 18, Article XIX, of the Act of June 25, 1919, P. L. 581, 53 PS, sec. 3338, which provides that "No police officer or fireman . . . shall be removed or discharged," except after hearing before the Civil Service Commission. Plaintiff further alleged that, under the decision in Simmler v. Philadelphia et al., 329 Pa. 197, a demotion constitutes a removal within the meaning of the act. Defendants, in their return, averred that the demotion was in compliance with the first paragraph of section 18, Article XIX, of the Act of 1919, supra, which provides that "No officer, clerk, or employe in the classified civil service of such city shall be removed, discharged, or

reduced in pay or position, except for just cause, which shall not be religious or political", and which does not require a hearing. Defendants also averred that the Simmler case "completely reversed" the law as set forth in McCoach v. Philadelphia, 273 Pa. 317, in reliance upon which the procedure in plaintiff's demotion was followed, and that the Simmler decision is not retroactive and, therefore, does not affect the present case. Plaintiff demurred to the return, alleging that the Simmler case "simply clarified and explained" the law as it had existed since the enactment of the Act of 1919, supra.

At the outset, it may be noted that cases cited by defendants in support of their contention that the Simmler case is not retroactive hold that a *judgment* or *decree* of a court of competent jurisdiction, unappealed from, is conclusive, and may not be disturbed by reason of subsequent changes in the law or in the construction of a statute: Frantz v. Philadelphia et al., 333 Pa. 220, 224; Strauss v. W. H. Strauss & Co., Inc., et al., 328 Pa. 72, 76-77; Bolton v. Hey et al., 168 Pa. 418, 421; or that contractual rights of parties who have acted under the existing law cannot be affected by subsequent changes in the law: Douglass v. County of Pike, 101 U. S. 677, 686-687; Geddes v. Brown, 5 Phila. 180, 186-187. In the present case, no judgment or decree has been entered, and no contractual rights, in the sense contemplated by the above cases, are involved. Furthermore, it has been stated that, aside from the instances referred to above, "The general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law, but that it never was the law": 14 American Jurisprudence, p. 345 §130. However, we need not dwell upon this point, since it was settled in Simmler v. Philadelphia et al., supra. In that case, plaintiff had been demoted without a hearing, and the Supreme Court, overruling the "view of the law" as stated in McCoach v. Philadelphia, supra, directed that

plaintiff be reinstated. In effect, therefore, the changed construction of the Act of 1919, supra, was applied to a demotion which was made in reliance upon the former construction of the law. A similar situation is now before us, and we have no discretion but to adopt and apply the latest interpretation of the act.

There are other factors in the instant case, however, which require further consideration. In the first place, it is apparent on the face of the petition that plaintiff has delayed two years before applying to the court for relief, and that thirteen months of this period have elapsed since the decision in the Simmler case. No explanation for this delay appears. In the Simmler case, on the other hand, plaintiff filed a petition for writ of alternative mandamus two days after his demotion. A mandamus proceeding is equitable in nature, and, therefore, plaintiff may be barred by his delay in seeking relief: 11 Standard Pennsylvania Practice, p. 158. While it is true that defendants have not set forth laches as a defense in their return, "When the fact of laches appears in the evidence or on the face of the bill the court may in its discretion and on its own motion deny relief on that ground . . .": Grange National Bank of McKean County v. First National Bank of Bradford et al., 330 Pa. 1, 4. See also Calivada Colonization Co. v. Hays, 119 Fed. 202, 208; 12 Encyc. Pl. & Pr., p. 829.

In New York, in similar cases of petitions for writs of mandamus to require reinstatement in office, it has been established by judicial decision that delay for longer than four months (by analogy to the period for issuing a certiorari order) will bar plaintiff, unless the delay is satisfactorily explained. See Williams v. Pyrke, 233 App. Div. 345, 252 N. Y. Supp. 801, 803; Uphoff v. Roberts et al., 244 App. Div. 596, 280 N. Y. Supp. 90, 91.

However, in determining whether, "in equity and good conscience", plaintiff's delay should constitute a bar, "each case as it arises must be decided according to its own peculiar facts, taking into consideration all the ele-

ments affecting the question . . .": Youse v. McCarthy, 51 Pa. Superior Ct. 306, 311; Cohen v. DeCicco, 90 Pa. Superior Ct. 51, 57. At the present stage of this case, all the facts which may be helpful in deciding this point are not before us. For instance, it may be important to know whether another person has been appointed to fill the position from which plaintiff was demoted, and, if so, when such appointment was made. See People, ex rel. Miller, v. Sturgis, etc., 82 App. Div. 580, 81 N. Y. Supp. 816, 818; People, ex rel. Young, v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 698, 699. Also, since defendants have not expressly pleaded the defense of laches, it is only equitable that plaintiff be afforded an opportunity to explain his long delay in instituting these proceedings, for "The reason or excuse for the delay may be considered in determining whether or not it was unreasonable": 38 C. J. 712, §298. See also Hill v. Mayor of Boston et al., 193 Mass. 569, 574.

In addition, defendants have included in their return an averment, in general terms, to the effect that granting the relief prayed for "would create a condition of confusion in the Bureau of Police, Department of Public Safety, of the City", since many demotions have been made in reliance upon the former law. No such averment was made in the return or in defendants' brief on appeal in the Simmler case. It has been said: "Where the issue of the writ [of mandamus] would disturb official action, or create disorder or confusion, it may be denied; and this is so even where the petitioner has a clear legal right for which mandamus would be an appropriate remedy": 38 C. J. 550-551, §21. See also 18 R. C. L. 138-139. We would not be justified in denying relief upon this ground, however, until the facts concerning it have been fully developed and appear of record. In view of the indefinite character of the averments in relation thereto, their admission by plaintiff's demurrer to the return is not sufficient for us to rely thereon.

The court has a broad discretion in determining when a writ of mandamus shall issue. See 11 Standard Pennsylvania Practice, p. 157. Accordingly, in order that we may be able to exercise our discretion with a full knowledge of all the facts and circumstances involved in this case, plaintiff should answer over, defendant reply, if necessary, and the issues of fact thus raised be determined at trial.

*Order*

And now, to wit, this 14th day of July, 1939, plaintiff's demurrer to the return is overruled; leave is given plaintiff to answer over within fifteen days, and to defendants to reply to any new matter contained in such answer within fifteen days after the service thereof.

Note.—An adjudication denying relief on the ground of plaintiff's laches was filed by President Judge Finletter on December 21, 1939.