Curran, J.
(dissenting). I respectfully dissent in appeal No. 1. The majority and I agree that this proceeding is in the nature of mandamus. Such a proceeding “must be commenced within four months after the refusal by respondent, upon the demand of petitioner [s], to perform its duty” (Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist., 265 AD2d 838, 839 [1999], lv denied 94 NY2d 758 [2000]). “[T]he demand must be made within a reasonable time after the right to make the demand occurs” (Matter of Devens v Gokey, 12 AD2d 135, 136 [1961], affd 10 NY2d 898 [1961]). “[A] demand should be made no more than four months after the right to make the demand arises” (Densmore, 265 AD2d at 839). Nonetheless, “[t]he sole test [for courts to consider] is . . . whether, under the circumstances of the case, the [petitioners’] delay in making the demand was unreasonably protracted” (Matter of Perry v Blair, 49 AD2d 309, 315 [1975]; see Matter of Central School Dist. No. 2 v New York State Teachers Retirement Sys., 27 AD2d 265, 268 [1967], affd 23 NY2d 213 [1968]).
The parties agree that the right to make the demand arose when the Roving Anti-Crime Unit was disbanded on January 2, 2013. At a minimum, the reasonable period of time in which to make the demand was four months later, i.e., May 2, 2013. Petitioners did not make their demand until 10 months later in March of 2014. In my view, however, this 10-month delay in making the demand was not so unreasonable as to deprive petitioners of their day in court.
The majority relies upon cases where either no excuse was offered for a delay or where the court determined that the *1698 excuse was so meritless as to be rejected as a matter of law (see Matter of Norton v City of Hornell, 115 AD3d 1232, 1233 [2014], lv denied 23 NY3d 907 [2014]; see also Devens, 12 AD2d at 136). Here, petitioners have offered a viable excuse for the delay and, thus, in my view, we have no need to reach the ill-stated language in Matter of Degnan v Rahn (2 AD3d 1301, 1302 [2003]). Rather, the majority has apparently determined that the excuse offered by petitioners here is meritless as a matter of law. I disagree with that determination.
Petitioners delayed their demand because they were awaiting this Court’s decision in Matter of Sykes v City of Niagara Falls (112 AD3d 1302 [2013]), a virtually identical situation to the present matter — including a lengthier delay in making a demand — and one involving the same police department. This Court has previously accepted such an excuse as meritorious (see Matter of Uphoff v Roberts, 244 App Div 596, 597 [1935]), and I fail to appreciate any distinction between Uphoff and the case before us here.
Petitioners also assert that they feared retaliation from respondent if they brought suit before this Court decided Sykes based on their understanding of retaliatory actions having been undertaken against the petitioners in Sykes. Contrary to the majority, on this motion to dismiss, I am unwilling to weigh the credibility of the affidavit submitted by petitioners. The affidavit offers facts supporting petitioners’ explanation for awaiting our decision in Sykes and, in my view, the only way to disregard it is to disbelieve it, a function I maintain is inappropriate on this motion.
I am concerned that the majority’s decision seeks to draw a hard and fast line rather than following long-established precedent requiring that we apply a facts-and-circumstances test to determine whether the excuse for delay is reasonable (see People ex rel. Gas Light Co. of Syracuse v Common Council of City of Syracuse, 78 NY 56, 63 [1879]; People ex rel. McDonald v Lantry, 48 App Div 131, 132 [1900]; Matter of McDonald, 34 App Div 512, 514-515 [1898]). Based on the above precedent, we also are permitted, in a case where a petitioner offers an excuse for a delay, to consider prejudice to the respondent or other persons (see Gas Light Co. of Syracuse, 78 NY at 63; McDonald, 34 App Div at 514). While I agree that an unexplained delay should not be excused based solely on a lack of prejudice, I also submit that an explained delay warrants at least some consideration of prejudice.
In this case, there is no evidence in the record that petitioners’ designation and compensation as detectives will cause *1699 prejudice in displacing anyone who has occupied the position in the interim (see Austin v Board of Higher Educ. of City of N.Y., 5 NY2d 430, 441 [1959]; Matter of Williams v Pyrke, 233 App Div 345, 346 [1931], citing People ex rel. Young v Collis, 6 App Div 467, 469 [1896]). Therefore, there also is no issue of the respondent suffering prejudice in being required to compensate multiple employees for the same positions. In my view, the above facts, together with the excuse offered by petitioners and respondent’s conceded absence of prejudice, render it appropriate to conclude that the petitioners’ delay was not unreasonable.
For these reasons, I would reverse the judgment, deny respondent’s motion to dismiss, reinstate the petition, and grant respondent time to serve and file an answer, to be followed by further proceedings in Supreme Court.
Present — Smith, J.P., Centra, Peradotto, Lindley and Curran, JJ.