Findings accordingly.

---

PEOPLE ex rel. SOMERVILLE v. WILLIAMS, State Engineer and Surveyor. (No. 229/24.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

1. OFFICERS ☞69—REMOVAL—STATUTORY PROVISIONS—CIVIL SERVICE.

Civil Service Law (Consol. Laws, c. 7) § 22, provides that no person holding a position by appointment, who is an honorably discharged soldier, sailor, or marine, or who shall have served the, term required by law in any volunteer fire department, shall be removed, except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, that in every county wholly included within the limits of a city, but not comprising the whole of such city, no regular clerk, head of a bureau, or person holding a position in the classified service subject to competitive examination, shall be removed until allowed an opportunity of making an explanation, and that in case of a removal a statement showing the reasons therefor shall be filed in the department or office where such clerk, head of a bureau, or person had been employed. *Held,* that this section applies only to veterans, and positions within the counties embraced in New York City, and the provision requiring the filing of a statement does not apply to a person removed from the position of chief clerk in the office of the state engineer.

[Ed. Note.—For other cases, see Officers, Dec. Dig. ☞69.]

2. MANDAMUS ☞77—OFFICERS AND EMPLOYÉS—REMOVAL—REINSTATEMENT.

Under Civil Service Law, § 22, providing that every person whose rights may be in any way prejudiced, contrary to any of the provisions of that section, shall be entitled to a writ of mandamus to remedy the wrong, and section 25, providing that no appointment to or removal from an office or employment shall be in any manner affected or influenced by the person's political opinions or affiliations, a person removed because of his political opinions or affiliations is not entitled to a writ of mandamus for his reinstatement.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 161–169; Dec. Dig. ☞77.]

Kellogg and Woodward, JJ., dissenting.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

. Appeal from Special Term, Albany County.

. Mandamus by the People, on the relation of Richard V. Somerville, against Frank M. Williams, as State Engineer and Surveyor of the State of New York. From an order granting an alternative writ of mandamus, directing the reinstatement of relator to the position of chief clerk in the office of the State Engineer, from which position relator was removed on January 6, 1915, defendant appeals. Reversed, and motion for writ denied.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Egburt E. Woodbury, Atty. Gen. (James S. Y. Ivins, Dep. Atty. Gen., of counsel), for appellant.

Alfred J. Talley, of New York City (Denis R. O'Brien, of New York City, of counsel), for respondent.

HOWARD, J. [1] The relator in this case was the chief clerk in the office of the state engineer. He was removed by that official, so the affidavit of the state engineer alleges, because "he was not competent to fulfill the duties of chief clerk." The relator contends that his removal was for political reasons. He seeks reinstatement by mandamus. The law which he invokes is sections 22 and 25 of the Civil Service Law. Neither of these sections are of the slightest avail to him. Section 22 in no manner applies to his case. The language which he relies upon is quoted in his petition. It reads:

"In case of a removal, a statement showing the reasons therefor shall be filed in the department or office where such clerk, head of a bureau or person had been employed." °

But this statement need be filed only in case of the removal of veterans of the wars and of the fire departments. Indeed, section 22 applies only to these favored characters and to positions within the counties of New York City. The language is not at all ambiguous; not at all doubtful. It seems unnecessary to discuss it.

[2] Assuming that the relator was removed because of his "political opinions or affiliations," can he have relief by mandamus? That he cannot was conclusively settled in People ex rel. Garvey v. Prendergast, 148 App. Div. 129, 132 N. Y. Supp. 115. The opinion of Justice Miller, written in this case before his elevation to the bench of the Court of Appeals, and while he was sitting in the Appellate Division, First Department, discloses a thorough analysis of the Civil Service Law and a careful consideration of the language of section 25. It was his deliberate opinion, after close investigation of the statute, that the remedy by mandamus, for infractions of section 25, was purposely withheld by the Legislature from persons aggrieved, because of "the manifest mischief likely to result from conferring the remedy." The doctrine of this case has never been reversed by the Court of Appeals; and, even though we might have reached a different conclusion, had the proposition come originally to us, the law has been so long established and so generally followed that we feel bound to respect it here. In fact, we are already committed to this position

by our decision in People ex rel. Stewart v. Carlisle, 162 App. Div. 920, 146 N. Y. Supp. 1108.

The order of the Special Term should be reversed, and the motion for a writ of mandamus denied.

Order reversed, with $10 costs and disbursements, and motion for a writ of mandamus denied.

SMITH, P. J., and LYON, J., concur.  KELLOGG and WOODWARD, JJ., dissent.