In the Matter of the Application of FRANK E. MERRIWEATHER, Respondent, for a Mandamus Order against CARROLL J. ROBERTS and Others, as Members of the Board of Health of the City of Buffalo and Another, Appellants, Impleaded with CLARENCE CARTER, Defendant.*

Fourth Department, November 9, 1934.

*John E. Livermore* [*George L. Grobe, Corporation Counsel*, with him on the brief], for the appellants.

*Gilbert J. Pedersen*, for the respondent.

LEWIS, J. A municipal employee, whose position is within the non-competitive class of the classified civil service, claims to have been discharged solely because of his political affiliations. Is he entitled to reinstatement under section 25 of the Civil Service Law?

On December 1, 1930, the applicant was appointed assistant bathhouse keeper in the city of Buffalo, which position is within the non-competitive class of the classified civil service provided by sections 9, 12 and 17 of the Civil Service Law. He is neither a veteran nor a volunteer fireman. On April 1, 1934, he was summarily discharged. Thereupon he instituted this proceeding by which he seeks a peremptory mandamus order to reinstate him in his former position from which he claims to have been discharged solely because of his affiliations with one of the two major political parties. As his petition contained allegations of fact which were

* Affg. 152 Misc. 57.

denied by the affidavits served by the appellants, an alternative mandamus order has issued from which this appeal is taken.

In this proceeding the applicant invokes section 25 of the Civil Service Law which he contends is mandatory and under which he proposes to give proof to justify his reinstatement. So far as material to our present inquiry the statute provides:

" § 25. Recommendations for appointment or promotion. No recommendation or question under the authority of this chapter shall relate to the political opinions or affiliations of any person whatever; *and no appointment or selection to or removal from an office or employment within the scope of the rules established as aforesaid, shall be in any manner affected or influenced by such opinions or affiliations.*"

The appellants contend that the provisions of this statute are not mandatory but directory. In support of this position they rely chiefly upon the rule announced in *People ex rel. Garvey* v. *Prendergast* (148 App. Div. 129). That proceeding tested the right of the relator to reinstatement as deputy city paymaster in the department of finance of the city of New York, which position was in the exempt class. (Civil Service Law, § 13.) Upon the trial of the issue of fact presented by the alternative mandamus order, the jury found that the removal of the relator had been upon political grounds. A peremptory mandamus order followed which directed reinstatement. Upon appeal from the order last mentioned the Appellate Division reversed the order of the Special Term and dismissed the proceeding upon the ground that section 25 of the Civil Service Law did not apply to positions in the exempt class of the classified service and that, in any event, the relator would not have been entitled to the remedy sought by that proceeding. In the course of his opinion Mr. Justice MILLER discussed the general scheme of the Civil Service Law with particular reference to section 25 (p. 134): " The scheme of the statute appears to have been as follows: a, to divide the classified service into two classes: 1, a class concerning which it was not deemed practicable or advisable to prescribe rules and which was, therefore, called ' exempt; ' 2, a class, consisting of the competitive, non-competitive and labor classes, concerning which it was practicable to prescribe rules governing removals and appointments, and to test by examinations the qualifications of persons to be appointed in all but the labor class; b, with respect to the second class, to confer certain preferential rights upon specified classes of persons and to give them the remedy of the writ of mandamus for a violation of those rights; c, to limit removals from certain specified positions, *i. e.,* those in the competitive class and of a regular clerk or head of a bureau, by providing

that the reasons for removal be stated and recorded, that an opportunity of making an explanation be afforded the person removed, and that a person removed in disregard of that provision be given the remedy of the writ of mandamus; d, to guard the second class, in so far as practicable, from political influence by providing that appointments to, or removals from, positions in it should not be affected or influenced by the political opinions or affiliations of the persons appointed or removed. *But in view of the manifest mischief likely to result from conferring the remedy of the writ of mandamus upon a person removed in violation of that provision, that remedy was withheld and the said provision was intended to be directory only."*

If the opinion in the *Garvey* case, quoted above, expressed the rule prevailing in this State today, it would call for a reversal of the alternative mandamus order now before us. We find, however, the views expressed by the opinion in that case were rejected by the Court of Appeals in *People ex rel. Somerville* v. *Williams* (217 N. Y. 40). The case last cited involved the reinstatement of the chief clerk in the office of the State Engineer, whose position was in the competitive class of the classified service, and who claimed to have been removed solely for political reasons. The Special Term directed reinstatement; the Appellate Division reversed the Special Term and denied the application for a peremptory order. The Appellate Division apparently rested its decision upon the ruling in the *Garvey* case, for the opinion states (170 App. Div. 124, 125): " Assuming that the relator was removed because of his ' political opinions or affiliations,' can he have relief by mandamus? That he cannot was conclusively settled in *People ex rel. Garvey* v. *Prendergast* (148 App. Div. 129). The opinion of Justice MILLER, written in that case before his elevation to the bench of the Court of Appeals and while he was sitting in the Appellate Division, First Department, discloses a thorough analysis of the Civil Service Law and a careful consideration of the language of section 25. It was his deliberate opinion, after close investigation of the statute, that the remedy by mandamus, for infractions of section 25, was purposely withheld by the Legislature from persons aggrieved because of ' the manifest mischief likely to result from conferring the remedy.' The doctrine of that case has never been reversed by the Court of Appeals; and, even though we might have reached a different conclusion had the proposition come originally to us, the law has been so long established and so generally followed that we feel bound to respect it here."

It is interesting to note that when the *Somerville* case reached the Court of Appeals the opinion in the *Garvey* case was urged

by the respondent as an authority for affirmance, as were other decisions by the lower courts which had adopted the same rule. (*People ex rel. Ryer* v. *Voorhis*, 151 App. Div. 926; *People ex rel. Stewart* v. *Carlisle*, 162 id. 920). However, the court unanimously reversed the order of the Appellate Division and affirmed the order of the Special Term, thereby reinstating the relator. After holding that mandamus was available to the relator as a remedy, the opinion states the rule which must govern our determination of this appeal (p. 44): " The provisions of section 25 are not merely advisory or directory; they are mandatory and were intended to be observed, and where these provisions are disregarded and one who is employed in the civil service is removed, he is entitled to reinstatement. * * * It is also argued that to permit one who is removed for political reasons to seek reinstatement would result in mischief. It seems to us that the mischief results from the violation of the statute, not from compelling reinstatement in cases where removal is made in violation of law."

One cannot read the opinion by Judge PECKHAM in *Rogers* v. *Common Council of Buffalo* (123 N. Y. 173) without realizing that inherent in the statute is the legislative intent to eliminate political affiliations and to substitute merit as the essential qualification for civil service. If, as appellants contend, there are practical aspects of the problem which demand that all positions in the non-competitive class of the classified service should be eliminated from the prohibitions of section 25, the argument for such a change should be addressed to the law-making bodies which are responsible for legislative policy. " Construction by the court will not be resorted to when the words employed by the Legislature have a definite and fixed meaning, and the purpose and intent of the act are apparent and certain. The court has no right by interpretation to add to or take away from the clear, unambiguous and positive mandate of the statute." (*Glennie* v. *Falls Equipment Co., Inc.*, 238 App. Div. 7, 11.)

The alternative mandamus order from which appeal is taken should be affirmed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order affirmed, with costs.