In the Matter of the Application of FREDA P. LAMAR, Petitioner, for an Order against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and Others, Respondents.

Supreme Court, Special Term, New York County, April 25, 1938.

*Herman E. Cooper*, for the petitioner.

*William C. Chanler, Corporation Counsel [Arthur Brainbridge Hoff* of counsel], for the respondents.

FRANKENTHALER, J.   The separate eligible lists for male teachers, which the petitioner assails as illegal, were promulgated in September, 1929, and in 1930.   The latest appointments of male teachers made from said lists took place on September 11, 1936.   The present proceeding was not begun until the end of January, 1938, almost sixteen months after the last appointment made from the separate lists for male teachers.   Clearly, the petitioner has been guilty of laches.   She has permitted the promulgation of separate lists for male teachers and the making of appointments from said lists since 1929, and now, for the first time, questions the legality of the procedure adopted and followed by the board of education.   In view of the petitioner's acquiescence and her delay in asserting her alleged rights, the court finds it unnecessary to pass upon the petitioner's claim that a single list for men and women should have been promulgated rather than separate lists for each.

The only relief sought by the petitioner is her immediate appointment as a teacher by the respondents.   This relief can be granted only if persons previously appointed from the separate male list are ousted, for even if vacancies exist, the board of education may not be directed to make appointments from the eligible list, the question of whether and when to appoint teachers resting in the sound discretion of the board.   (*Matter of Jaffe* v. *Board of Education*, 265 N. Y. 160, 164.)   Furthermore, the petition does not allege that any vacancies exist and the answer affirmatively alleges that none exist at the present time.

As the relief sought by the petitioner can be granted only if persons previously appointed sixteen months or more prior to the institution of this proceeding are displaced, the petitioner's inexcusable delay prevents the granting of her application.   (*Matter of Phillips* v. *Kaplan*, 266 N. Y. 514; *Matter of Williams* v. *Pyrke*, 233 App. Div. 345.)   It is accordingly unnecessary, as pointed out previously, to consider the merits of the claim that the promulgation of separate lists for men and women, respectively, was improper and illegal.   The motion is denied.